UNITED STATES v. ZEIMER et al.

(Circuit Court of Appeals, Second Circuit. March 12, 1901.)

No. 98.

CUSTOMS DUTIES—CLASSIFICATION—ARTIFICIAL LEAVES.

Artificial leaves, if made from paper, are dutiable, under the tariff act of 1890, as "manufactures of paper not specially provided for," under paragraph 425, and, if from cotton cloth, under paragraph 355, as "manufactures of cotton not specially provided for," and not as "artificial flowers or parts thereof," under paragraph 443. The fact that they are largely used in the millinery trade, in which they are commercially designated as "artificial flowers" or "parts of artificial flowers," is not controlling; it being shown that they are also used in very large quantities by confectioners, and known to the trade as "artificial leaves."

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal by the United States from the decision of the circuit court reversing a decision of the board of general appraisers classifying for duty an importation of artificial leaves, some made of paper and some of cotton cloth.

The following is the oral opinion of the circuit court (TOWNSEND, District Judge):

"In Re Zeimer (C. C.) 66 Fed. 740, Judge Coxe decided that merchandise, such as that here in question, which comprises artificial leaves, some made of cotton and some of paper, should be classified for duty at 25 per cent. ad valorem, as 'manufactures of paper not specially provided for,' under paragraph 425, or as 'manufactures of cotton not specially provided for,' at 40 per cent. ad valorem, under paragraph 355, of the act of 1890. The articles in this case were classified for duty at 50 per cent. ad valorem as 'artificial flowers or parts thereof,' under paragraph 443 of said act. Judge Coxe decided that these leaves were not commercially known as 'artificial flowers or parts thereof.' The only question herein is whether, in view of the additional evidence as to commercial designation, the decision of Judge Coxe should be modified. This case is tried under a stipulation, which is as follows: 'It is conceded by counsel for the importers and for the United States that artificial leaves identical with those herein involved are chiefly used by, and dealt in by, the millinery trade, and are by said trade generally, uniformly, and commercially known both as "artificial flowers" and as "parts of artificial flowers," and that the same was true at and prior to the date of the tariff act passed March 3, 1883, and that this stipulation shall be incorporated in the record herein in lieu of any further testimony before the referee, and that the case shall thereupon be closed before the referee, and shall be considered at issue.' It further appears, however, that the confectioners' trade import immense numbers of these leaves every year. One confectioner (Cassell) says that he imports about two hundred thousand gross a year, to be used for fruits and ice cream, and that, although he also handles artificial flowers, these leaves are not included in his trade within the terms 'artificial flowers' or 'parts of artificial flowers,' and are not commercially known as such. Other witnesses testify to the same effect. In these circumstances,

the evidence as to a uniform trade designation, which is confined to a single trade, is not sufficient to change the classification of the articles from what they are in fact, namely, artificial leaves, made of cotton or of paper. The decision of the board of general appraisers is reversed."

D. Frank Lloyd, Asst. U. S. Atty.

Albert Comstock, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. Decision of circuit court affirmed on opinion below.