## UNITED STATES *v.* SPIELMANN (No. 102).[1]

UNSTITCHED GLOVES.

The question being one of fact simply, and only one witness being called, who testified the gloves of the importation were not stitched or embroidered with more than three single strands or cords, and the Board of Appraisers having found this to be the fact, this finding will not be disturbed.

### United States Court of Customs Appeals, February 13, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York (T. D. 29559).

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Charles Duane Baker* on the brief), for the United States.

*Brown & Gerry* for appellees.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

The appellees imported at the port of New York certain gloves which were confessedly dutiable under paragraph 443 of the tariff act of 1897. They were also assessed the cumulative duty provided in paragraph 445, which reads as follows:

* * * On all gloves stitched or embroidered, with more than three single strands or cords, forty cents per dozen pairs.

This duty was assessed upon the theory that the gloves were stitched or embroidered with more than three single strands or cords. The appellees seasonably protested against the imposition of the cumulative duty.

It appears that but one witness testified before the board, and he was an employee of the appellees. Upon his evidence, none being

---

[1] Reported in T. D. 31320 (20 Treas. Dec., 323).

introduced to meet the same, the board found that the gloves involved were not stitched or embroidered with more than three single strands or cords and sustained the protest.

The single question before us is, Should this finding of the board be set aside?

Whether these gloves were stitched or embroidered with more than three single strands or cords, is, so far as this case is concerned, purely one of fact.

The witness before the board seems to have been possessed of sufficient experience, skill, and knowledge to enable him to testify upon the question under consideration and his testimony, as the board says, is emphatically to the effect that the gloves in question were not stitched or embroidered with more than three single strands or cords. The Government has chosen to rest the case on this testimony and the exhibits.

We think the presumption in favor of the collector's action is amply overcome by the evidence and that the board was justified in finding that the gloves were not stitched or embroidered with more than three single strands or cords.

The result is that the decision of the Board of General Appraisers is *affirmed*.