## UNITED STATES v. WERTHEIMER & Co. (No. 599).[1]

BOARD'S RULING NOT TO BE DISTURBED ON DEFECTIVE PROOF.

The evidence necessary to fix the proper classification of these gloves would include proof of a variety of facts as to manufacture and trade usage. The record here is scanty, too scanty of evidence to warrant the Board's finding being disturbed.— United States v. Spielmann (1 Ct. Cust. Appls., 279; T. D. 31320); United States v. Perkins (*ibid.*, 323; T. D. 31430); and Carson v. United States (2 Ct. Cust. Appls., —; T. D. 31656).

United States Court of Customs Appeals, January 12, 1912.

APPEAL from Board of United States General Appraisers, Abstract 24658 (T. D. 31236).

[Affirmed.]

*Wm. L. Wemple,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

*Curie, Smith & Maxwell* (*W. Wickham Smith* and *Thomas M. Lane* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal brings here for determination the question whether certain gloves imported at the port of New York, known in the trade

[1] Reported in T. D. 32204 (22 Treas. Dec., 133).

as Paris points, are "stitched or embroidered, with more than three single strands or cords," as that term is used in paragraph 459 of the tariff act of 1909. The phrase occurs in identical language as it did in paragraph 445 of the tariff act of 1897. The question is one of importance, affecting alike great industries in this country and merchandise imported in very large quantities, both to meet an extensive popular consumption of every-day wear. No subject received greater attention and was the issue of more extended litigation under the tariff act of 1897. Notwithstanding voluminous records and earnest efforts of the courts and Board of General Appraisers, a satisfactory solution of the question was, at the enactment of the tariff act of 1909, not reached. These matters are attested in the opinion of the board in this case.

This record comes here exceedingly scant of facts. There is a sample of the imported merchandise, and the return of the collector thereupon that it was stitched with more than three single strands or cords. At the hearing before the board but a single witness was produced, and he upon the part of the importers. The Government, appellant here, introduced no testimony whatsoever. The appeal comes here upon that record. This court in previous almost identical cases has refused to disturb the findings of the Board of General Appraisers.

In United States *v.* Spielmann (1 Ct. Cust. Appls., 279; T. D. 31320) the record consisted of the testimony of one witness and the exhibits, and this court refused to disturb the findings of the Board of General Appraisers thereupon.

In United States *v.* Perkins (1 Ct. Cust. Appls., 323; T. D. 31430), wherein the sole evidence before the board was the official samples, the gloves themselves as imported, this court again refused to enter upon a decision of this very important subject upon such an incomplete record, and affirmed the findings of the board.

In Carson *v.* United States (2 Ct. Cust. Appls., 105; T. D. 31656) the same rule was applied by this court.

The determination of this question as a finality involves the determination of questions of fact and law. The decided cases make apparent that entering into the determination of these questions of both fact and law there is pertinent much of trade understanding and conception, as well as elucidation as to the various methods of construction, not alone of the single class of gloves covered by any single importation, but involving various methods of construction adopted and in use by the trade. Any intelligible consideration of the subject, and any satisfactory conclusion the promulgation of which as a finality shall cover the vast importations of this class of merchandise, should of necessity have the benefit of this enlightenment.

Following numerous decisions of this court, therefore, we decline to reverse the decision of the Board of General Appraisers, and it is accordingly *affirmed*.