PACIFIC MAIL STEAMSHIP CO. *v.* UNITED STATES (No. 652).[1]

1. TOYS.

It can not be accepted that an article confessedly a toy within the ordinary or commercial meaning of that term, must always be assessed under a paragraph other than the toy paragraph, because that paragraph describes the merchandise by a name that for some purposes might be applicable.—Downing *v.* United States (141 Fed. Rep., 490); Borgfeldt *v.* United States (124 Fed. Rep., 473); United States *v.* Borgfeldt (1 Ct. Cust. Appls., 370; T. D. 31455).

2. COTTON-COVERED PARASOLS.

In this case the board found that the evidence failed to establish that the importation of parasols are commercially known as toys; the burden was on the importer to show this, or that they were toys in fact, and, failing in it, the collector's classification should be affirmed.

United States Court of Customs Appeals, March 26, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7183 (T. D. 31377).

[Affirmed.]

*Brown & Gerry* for appellant.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The importation in this case consists of what are referred to as parasols or toy parasols, which were returned by the appraiser at the port of San Francisco as "cotton-covered parasols," and were subsequently assessed for duty under paragraph 478 of the tariff act of August 5, 1909, which reads as follows:

478. Umbrellas, parasols, and sunshades covered with material other than paper or lace, fifty per centum ad valorem. Sticks for umbrellas, parasols, or sunshades and walking canes, finished or unfinished, forty per centum ad valorem.

The importer duly appealed from the decision of the collector to the Board of General Appraisers, claiming the merchandise should

---

have been assessed as toys under the provisions of paragraph 431 of the same act, which reads as follows:

431. Dolls, and parts of dolls, doll heads, toy marbles of whatever materials composed, and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for in this section, thirty-five per centum ad valorem.

The board overruled the protest, General Appraiser Somerville dissenting. The majority opinion does not find that the articles are not toys, but seems to rest its conclusions upon the proposition that even though they are toys the provisions of paragraph 478 for parasols are more specific than the provisions for toys in paragraph 431.

The merchandise, of which one sample is before us, seems to have been invoiced as toy parasols valued at 2.20 yen per dozen, which is about 10 cents apiece, and the evidence tends to show that their retail selling price would be about 25 cents each. These parasols are of a very flimsy construction; the rod is about 32 inches long and fragile; the ribs are of cheap wire about 28 inches in length; and the covering is a cheap variety of cotton cloth, in some cases white and in others pink.

If form and shape are the only things material to consideration, these articles are umbrellas, parasols, or sunshades within the meaning of paragraph 478. If they were all similar in form, shape and construction, yet only one one-hundredth part as large as they are now, or, if under the same circumstances they were one hundred times larger than they now are such would still be the fact. But in either of the cases last supposed who would contend that such articles were umbrellas, parasols, or sunshades within the meaning of the act? This suggestion is made not as necessarily controlling, but as illustrating the principle adopted by the judgment of the Board of General Appraisers when carried to its logical conclusion.

As was said by General Appraiser Somerville in the dissenting opinion:

The logical effect of the decision as promulgated would be to hold that where an article was designated *eo nomine* in the tariff act, no article of the same name, however flimsy and cheap, whether designed for the amusement of children or not, would ever be classified as a toy.

As was well said by Townsend, Judge, in Downing *v.* United States (141 Fed. Rep., 490), where the merchandise involved simulated fans, was invoiced as fans, known as fans, and classified for duty as fans—

the name or designations applied to various articles in the invoice are merely indicative of the things which they represent. Thus another exhibit called a bell is not a bell; the so-called parasol is not a parasol; the so-called hat, although fitted with an elastic and capable of being put upon the head, is not a hat in the tariff signification.

In Borgfeldt v. United States (124 Fed. Rep., 473) harmonicas having at least one full octave and capable of playing a musical air were assessed as musical instruments. The board sustained the assessment, but found that the goods were musical instruments and that they were also toys, and held upon substantially the same reasoning as it invoked in the case now before us that they were dutiable as musical instruments. The Circuit Court, by Wheeler, Judge, said, referring to the exhibits:

> They are not so finished as to musical qualities that they would be used by musicians, but their musical effect is rather such as fits them for the amusement of children. They do not rise to the dignity of musical instruments.

In the case of United States v. China & Japan Trading Co. (71 Fed. Rep., 874) some of the importations were giant umbrellas, and were classified under the umbrella paragraph of the act of 1890, which, for the purposes of this case, is identical with the paragraph under consideration. There the Circuit Court of Appeals said, while—

> they were called "umbrellas" for convenience, but they are not used or designed for use as such. They might as appropriately be called "rainbows."

In T. D. 21474, T. D. 23563, and T. D. 24869 analogous questions at least are disposed of by the Board of General Appraisers in harmony with the dissenting opinion below.

This court, in the case of United States v. Borgfeldt (1 Ct. Cust. Appls., 370; T. D. 31455), where glass slides for magic lanterns which the board below had found were for use in toy magic lanterns and held dutiable as parts of toys under paragraph 431 of the act of 1909 instead of as "glass slides for magic lanterns" under paragraph 107, affirmed the action of the board.

We think, in view of what has been said, it is not the law that an article confessedly a toy within the commercial or ordinary meaning of that term must always be assessed under some paragraph other than the toy paragraph, because said other paragraph eo nomine describes the merchandise by the name that for some purposes may be applied to it; therefore the board in adopting this view of the law committed error. The question arises, however, what disposition to make of the case upon the record.

The board has found that the evidence fails to establish that these parasols are commercially known as toys, and we think the record clearly sustains the finding. It has not, as we understand, made any finding as to whether they are in fact toys.

The case has been reargued by order of the court upon its own motion and neither party asks for a remand that the board may find upon this question.

We have carefully examined the record, and while in some respects it seems to be persuasive that they are toys, yet on the whole we con-

clude it falls short of containing satisfactory proof to that effect sufficient to overcome the presumption of the correctness of the collector's classification.

This was an issue of fact and the burden to establish their contention was upon the importers.    If the parasols are toys, it would seem that the importers could have established the fact by evidence of their use as such, which would be convincing:    Having failed in this, the judgment of the Board of General Appraisers must be, and it is, *affirmed*.

DE VRIES, Judge, did not sit in this case.