UNITED STATES *v.* ZITO (No. 591).[1]

1. NONIMPORTATION.

    Subsection 22 of section 28, tariff act of 1909, relating to allowances on nonimportations was not founded upon any previous tariff act, but originated in the absence of any express statute levying duty upon the described commodities.—Lawder *v.* Stone (187 U. S., 281).

2. GOODS CONDEMNED IN IMPORTER'S HANDS.

    No allowance can be made for goods that have gone into the possession of the importer and that are later condemned by a board of health.

3. ALLOWANCE FOR NONIMPORTATION.

    What allowance, if any, should be made on an importation is primarily a question of fact to be determined like any other relevant fact in the case.—United States *v.* Shallus (2 Ct. Cust. Appls., 332; T. D. 32074).

United States Court of Customs Appeals, May 8, 1912.

APPEAL from Board of United States General Appraisers, Abstract 24556 (T. D. 31207).

[Modified.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Frank L. Lawrence,* special attorney, on the brief), for the United States.

*Brown & Gerry* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal involves the proper allowance to be made for nonimportation of part of a cargo of lemons by reason of decay existing at the time of importation under the tariff act of 1897.

In United States *v.* Shallus (2 Ct. Cust. Appls., 332; T. D. 32074) we discussed fully the principles of law applying to such cases. We there held that duty attaches in accordance with the condition of the merchandise as it arrives within the limits of the customs district;

---

[1] Reported in T. D. 32531 (22 Treas. Dec. 546).

that the determination of the amount of the nonimportation by reason of decay existing in a cargo of fruit is one of fact to be established by evidence; that by reason of the impossibility to direct evidence to the condition of the fruit at the exact moment of importation resort must be had to proof as to its subsequent condition, judicial notice afforded by the course of nature, and such other relevant facts as are available; that the condition when picked, length of voyage, season, temperature during the voyage, manner of packing and storage on shipboard, promptness in entry, unloading, examination, and the particular kind, class, and grade of fruit, and numerous other facts, determine its condition when imported. In other words, it was, under that act, a question of fact to be determined as any other probative fact.

In this case the board appears to have made a finding of fact as to a part of the shipments, adopting as its finding of fact the results shown by the importer's testimony. An examination of the record discloses nothing therein indicating this finding not to be fairly sustained by the testimony. The allowances made by the board, while in some particulars mathematically inaccurate, do not seem inordinate for such cases, but on the contrary of comparatively small percentages. The testimony of the importer obviously bears internal evidence of a decided prejudice and warping in behalf of his own case, but not such as would warrant its entire rejection, and it is not in any satisfactory manner met, contradicted, or impeached by the Government. It is not, therefore, within the province of this court to set aside that finding.

In reaching its conclusion the board assigns a reason to our minds untenable. An untenable reason assigned for a decision or finding of fact, however, it is well settled, will not suffice as a ground for reversal if that decision or finding is well within and supported by the record.

The board states:

In view of the enactment of subsection 22 of section 28 of the tariff act of August 5, 1909, we are of the opinion that an examination as to the percentage of decay in fruit would be sufficient if made within 10 days after arrival of the merchandise. Of course, it is difficult to draw any hard and fast line on this subject, but a fair inference of the legislative intent we think is found in the provisions of this section by throwing light upon the provisions of the previous tariff act, and we accordingly hold that an examination made within this period of time is sufficient.

As the right to recover for a nonimportation of fruit by reason of decay was not founded upon any ''previous tariff act,'' but upon the absence of any express statute levying duty upon such (Lawder v. Stone, 187 U. S., 281), it can not be well said that the subsequent tariff act of 1909 could afford a fair inference of any such previous legislative intent. Again, as the question of the amount of the nonimportation is one of fact to be determined from all and many varying circum-

stances in each case dependent upon a great variety of different conditions and kinds of merchandise, certainly no accurate determination could be made by deferring examination 10 days in all cases, yet this is the latitude of the rule.

Moreover, the statute of 1909, in so far as the 10-day limitation is concerned, is a rule of limitation and not of evidence. It expresses the period within which the importer shall not only make his examination, but present his proof. The character of the examination and time in which the same may be made are not fixed by the terms of the act, but are probably made the subject of such reasonable regulation as may be promulgated by the Secretary of the Treasury. In this view it can not be said that that act either prescribes or reflects a reasonable period within which such examinations shall be made.

For the reasons hereinbefore stated, however, we think the judgment of the board should, with certain modifications, be affirmed. There is no controversy as to the boxes condemned by the board of health, which was probably done after the goods passed from the customs custody and came into possession of the importer, and as to those boxes and quantities wherein the board's schedules exceed those of the invoice no allowance can be had. As thus modified the judgment of the board is *affirmed.*