## UNITED STATES *v.* GERMAIN (No. 788).[1]

GLOVES EMBROIDERED WITH MORE THAN THREE SINGLE CORDS.

Reviewing the history of the legislation and of the decisions, and having these in mind, it does not appear affirmatively that the finding of fact as made by the board in this case was either contrary to or clearly against the weight of evidence. The gloves were not subject to a cumulative duty under paragraph 445, tariff act of 1897.

### United States Court of Customs Appeals, May 31, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7282 (T. D. 31908).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

*Brown & Gerry* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The question here is whether certain gloves are subject to the cumulative duty assessed thereon under paragraph 445 of the tariff act of 1897, which provides for an additional duty of 40 cents per dozen pairs "on all gloves stitched or embroidered with more than three single strands or cords." Other gloves were involved in the hearing before the Board of General Appraisers, the protests relating to which were overruled by the board, while as to the gloves represented by the official exhibit before us, the protests were sustained and the case is here for review upon the appeal of the Government.

As we understand the record in this case in connection with the exhibit, the gloves involved each have upon the backs three cords or points, each made of a single thread which is stitched through the leather of the back of the glove in such a manner as to present a raised appearance on the outside, and these three cords or points constitute what is referred to as one style of a "Paris point." The stitching which results in these points appears on the inside of the glove as well as on the outside.

Between each of the outer of these cords or points and the central one on the surface of the outside is a stitching, zigzag in appearance, made with one thread by a machine. This thread is not stitched through the leather, but the end of the thread marking the end of the stitch shows on the inside. This stitching may be referred to as "crow's foot" stitching, and seems to be embroidery.

One witness testified on behalf of the importers and one on behalf of the Government, and in effect the board found upon this evidence and the exhibit that the gloves involved in this appeal were not stitched or embroidered with more than three single strands or cords. The Government contends that this finding is so clearly against the weight of evidence, in view of the law applicable thereto, that it should be reversed.

---

[1] Reported in T. D. 32620 (22 Treas. Dec., 1044).

As the board well says in its opinion, the issue of whether gloves are stitched or embroidered with more than three single strands or cords "has been repeatedly tried before the board and the courts, except that in practically every case the ornamentation on the glove involved has been different."

A proper understanding of the issues may best be obtained from a review of the authorities. The statute was first enacted as paragraph 445 of the tariff act of 1897. The first case thereunder seems to be the board decision (T. D. 19945) decided August 18, 1898. The opinion shows that "the embroidery is in three rows on the back of the glove, each row presents the appearance of three-plait crochet work, but this effect is produced by the needle with only one cord or strand of thread as is shown by the stitching through and on the inside of the glove." The opinion further shows that eight competent experts were examined and upon their unanimous testimony it was found that the gloves were not stitched or embroidered with more than three single strands or cords. Upon appeal this judgment was affirmed in the Circuit Court January 18, 1900 (124 Fed. Rep., 1013), the court, by Wheeler, judge, saying:

These are gloves with three rows of embroidery, each of a single cord, but passing more than once throughout the decoration. Paragraph 445 provides for an additional duty "on all gloves stitched or embroidered with more than three single strands or cords." * * * The addition is to cords and not to turns or directions of the same cord. Here are but three cords.

This was acquiesced in by the Treasury Department February 9, 1900 (T. D. 21996).

The Siegel-Cooper case (T. D. 25038) was decided by the board February 20, 1904. We quote from its opinion sufficiently to show what was involved and decided.

Excepting in one instance all the gloves before us have stitching or embroidery submitted with three single parallel lines or rows, but the importers contend that as these lines or rows were made with the same single unbroken thread the gloves do not fall within the paragraph cited. The testimony before us shows that a "cord" as understood in the glove trade is an embellishment on the back of a glove produced by creasing the leather longitudinally and then oversewing the same with a silk thread; * * * that a "strand" in the trade is synonymous with the term "row of embroidery." A "cord" is stitched and a "strand" is embroidered. The former is known as a cord of stitching and the latter as a strand of embroidery. Whether or not a glove has more than three single strands or cords is not determined by the fact that it has or has not been stitched by one unbroken thread or filament, for the terms "strand" and "cord" have no reference to the thread or filament used, but only to the *effect* produced. There are many gloves which have highly ornamental embellishments, but yet are stitched or embroidered with only three single strands or cords. This result is brought about by an attachment to the machine used that produces what is known as the "Brosser stitch." The number of strands or cords stitched on a glove is determined by turning the glove inside out and counting the number of lines of parallel needle holes. In the Brosser stitch there are only three such single parallel lines. Another variety of embellishment is known as the "crow's foot." * * * The Brosser stitch is shown in the glove submitted with protest

50628f, which is in the same general class as the glove that was held in United States *v*. Robinson (124 Fed. Rep., 1013) to have only three single strands or cords. Some of the gloves before us have three cords in the decoration, around which are lines of plain stitching. In some, these lines are produced by one thread additional to each cord and in others by two or more threads. Such gloves are stitched in more than three single ends or strands even within the importers' contention.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

The only conclusion to be reached is that Congress meant to charge an extra duty, not for using a new or separate thread for each line of stitching, and to exempt therefrom gloves stitched with a continuous or unbroken thread, but against the cost and labor necessary to produce the finished effect, and the reference to cords or strands is &ast; &ast; &ast; to the result achieved and not to the material used in accomplishing it. &ast; &ast; &ast; The provision, however, is not for stitching applied with more than three strands or cords of *thread.* It concerns not the number of threads used, but the number of lines of stitching that produce the cords or the strands of embroidery. The sample submitted with protest 50628f has a decoration which consists of three single strands, and it would be exempt from the additional duty imposed by paragraph 415, but it is not proved to have been part of the importation covered by said protest, and the special report of the local appraiser states that it was not. This protest, therefore, as well as all the other protests enumerated in the schedule, is hereby overruled, and the decision of the collector affirmed in each case.

In the Trefousse-Passavant case, Abstract 8396 (T. D. 26753), on the authority of the last-mentioned Siegel-Cooper case and another case theretofore decided by it, the board overruled the protests, but its opinion does not show the character of the stitching or embroidery on the gloves.

In Trefousse *v*. United States (144 Fed. Rep., 708) the Circuit Court, by Platt, judge, reversed the board on the authority of the Robinson case (124 Fed. Rep., 1013), saying in effect that in the case before him the board had departed from the rule it had adopted in the Robinson case, which had been acquiesced in by the Government, and further that the gloves were manifestly the same in respect of the manner of stitching as those considered in the Robinson case. This judgment of the Circuit Court was affirmed in the Circuit Court of Appeals (154 Fed. Rep., 1005).

In the La Fetra cases, so called, beginning with T. D. 28966, decided in 1908, it appears that there were three points on each glove, each point having three distinct rows of stitching showing nine easily distinguishable rows of embroidery on the outside and nine single rows of stitching on the inside. The board there accepted as controlling the rulings in the Robinson and Trefousse cases, although they evidently disagreed therewith in some respects, and held the gloves were not subject to the cumulative duty. This case was reviewed in the Circuit Court (172 Fed. Rep., 297), decided May 19, 1909, and the action of the board was sustained, the court saying that the gloves were exactly like those in the Trefousse cases and that the Government had not sustained the contention upon which it had embarked of showing that these gloves were commercially known as three-strand embroidered gloves. The Circuit Court of

Appeals in 178 Fed. Rep., 1006, by decision dated March, 1910, affirmed the Circuit Court, saying:

It appears from examination of the samples that goods identically like the present importations were before this court when the decision of the Circuit Court in Trefousse v. United States (144 Fed. Rep., 708), was affirmed several years ago in 154 Fed. Rep., 1005.

Now, while from the description of the gloves given in the various cases referred to we are unable to say just what was the nature and character of the embroidery or stitching, it is apparent that these decisions were to the effect that the stitching or embroidery must be made with more than three single strands or cords, which we take it is equivalent to saying that it must have been stitched or embroidered with more than three single threads or filaments, and probably also that the *plain cord effect* produced by oversewing the leather was not to be treated as a strand or cord in determining with how many strands or cords a glove was stitched or embroidered.

As we have already said, this case involves the tariff act of 1897. The act of August 5, 1909, however, contains the same provisions as that of 1897, and it is of some interest to note the proceedings which resulted in its reenactment. Prior thereto the attention of Congress was specifically called to the subject and to the various judicial determinations to which we have already referred and to the Government's claim respecting the proper interpretation of the paragraph in the law of 1897. (See Notes on Tariff Revision, p. 611.)

The committee charged with formulating the proposed law heard both importers and those representing domestic producers deemed to be affected thereby, and thereupon reported in the proposed bill a paragraph relating to the subject couched in the following language:

On pique or prix seam gloves, forty cents per dozen pairs; on hand-sewn gloves, one dollar per dozen pairs; on gloves having "crow's feet" stitched, sewn, or silked on the backs thereof, or having points stitched, sewn, embroidered, or silked on the backs thereof, each point being produced with more than a single row or line of stitching, sewing, embroidery, or silking, whether the same be continuous or otherwise, forty cents per dozen pairs.

It passed the House. Manifestly had this become law it would have indicated an intent on the part of Congress to impose the cumulative duty upon gloves like those here in question. The Senate, however, struck out this provision and restored the language of the paragraph in the act of 1897, and in such form it finally became law. This would seem to indicate that Congress after having all the various phases of the vexed subject brought to its attention did not for the future at least feel inclined to adopt the Government's view, or so far as the past was concerned to disagree with the judicial interpretations which its prior enactment had received. Not only this, but we think it indicates an adoption thereof and agreement therewith and is of some significance as relates to the issues here.

Cases similar to the one now here have already been before this court, some under the act of 1897 and some under that of 1909: United States *v.* Spielmann (1 Ct. Cust. Appls., 279; T. D. 31320); United States *v.* Perkins (*ibid.*, 323; T. D. 31340); Carson *v.* United States (2 Ct. Cust. Appls., 105; T. D. 31656); United States *v.* Wertheimer (2 Ct. Cust. Appls., 454; T. D. 32204).

We have in each case refused to disturb the finding of fact by the Board of General Appraisers, it not appearing affirmatively that it was either contrary to or clearly against the weight of evidence, having in mind the provisions of the statute and the interpretations it had received.

Unless commercial designation is shown, it must of course in each case remain a question of fact, to be determined upon the evidence, as to whether or not a glove is stitched or embroidered with more than three single strands or cords, and that must in the first instance be determined by the Board of General Appraisers upon the evidence before it.

In the case at bar, the board seems to have correctly applied the law as interpreted by the courts in the decisions to which we have referred, and from a careful review of all the evidence we are unable to say that it has not correctly found the facts.

The judgment of the Board of General Appraisers is therefore *affirmed.*