CATTUS *et al. v.* UNITED STATES (No. 1019).[1]

PARASOLS—TOYS.

According to the definition of "toy," Illfelder *v.* United States (1 Ct. Cust. Appls., 109; T. D. 31115), the articles of the importation are not toys either within the letter or intendment of that definition; and the evidence of a commercial designation is not such under all the facts as to warrant the board's finding being disturbed. The merchandise was properly assessed as parasols covered with other material than paper, under paragraph 462, tariff act of 1897, and the corresponding paragraph in the tariff act of 1909.—Pacific Mail Steamship Co. *v.* United States (3 Ct. Cust. Appls., 102; T. D. 32361).

United States Court of Customs Appeals, February 12, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29834 (T. D. 32830).
[Affirmed.]

*Brown & Gerry* for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case was imported in part under the tariff act of 1897 and in part under the act of 1909. The questions made in both instances are identical; therefore for convenience those only which came within the earlier act will be mentioned in this decision.

The importations consist of parasols of various sizes covered with material other than paper. They were reported by the appraiser to be suitable for use as sunshades, and were returned for classification under the denominative provisions of paragraph 462 of the tariff act of 1897. That paragraph reads as follows:

462. Umbrellas, parasols, and sunshades covered with material other than paper, fifty per centum ad valorem. Sticks for umbrellas, parasols, or sunshades, and walking canes, finished or unfinished, forty per centum ad valorem.

---

The importations were accordingly assessed with duty at 50 per cent ad valorem as parasols covered with other material than paper, under the provisions of the foregoing paragraph.

The importers duly filed their protest against this classification, claiming the articles to be toys and dutiable as such at 35 per cent ad valorem under the provisions of paragraph 418 of the act, which reads as follows:

> 418. Dolls, doll heads, toy marbles of whatever materials composed, and all other toys not composed of rubber, china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for in this act, thirty-five per centum ad valorem.

The protest was heard by the Board of General Appraisers and was overruled. From that decision the importers now appeal.

At the hearing before the board testimony was submitted by the importers with the especial purpose of proving that not only were the articles at bar actually toys, but also that they were definitely, uniformly, and generally known as toys throughout the entire trade in this country. The board, however, held against these claims, and found that the articles in question were not toys in fact and were not proven to be known commercially as such.

In the case of Illfelder v. United States (1 Ct. Cust. Appls., 109; T. D. 31115) this court, by Smith, Judge, gave the following definition of the word "toys":

> In common speech, and as popularly understood, a toy is essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is *reasonably* fitted for no other purpose. Although an article may be chiefly used for the amusement of children, if its nature and character are such that it is also reasonably fitted for the amusement of adults, or if it is reasonably capable of use for some practical purpose other than the amusement of children, it can not be classed as a toy unless it is affirmatively shown by the importer that it is so known and designated by the trade generally.

The present importations are represented by samples which are before the court. These are parasols of flimsy construction and of different sizes, most of which are smaller than standard forms. They are covered with colored cotton cloth, and obviously belong to a class of articles not designed for the ordinary and serious uses of parasols in general. Nevertheless they are articles such as are sometimes used by children as sunshades, or are carried by adults in holiday parades, or are used as decorations upon festival occasions. Therefore, considering the articles upon common knowledge alone, apart from the questions made upon the testimony, the court is of the opinion that the importations are not toys either within the letter or intendment of the approved definition just above quoted.

The importers, however, have submitted the testimony of eight witnesses, claiming the same to be proof that the articles in question are in fact toys within the rule above prescribed, and especially that they have received a definite, uniform, and general commercial designation as toys in the trade throughout this country.

It is conceded, of course, that this question is one of fact, that the assessment is presumed to be correct until overthrown by proof, and that the burden of proof is upon the importers on the issue joined. The board found upon the testimony against the claims of the importers, holding specifically that the prima facie case made by the assessment was not overcome by the testimony. The court feels justified by the record in refusing to disturb that finding of the board. In the case of the Pacific Mail Steamship Co. *v.* United States (3 Ct. Cust. Appls., 102; T. D. 32361) certain importations of similar character were before the court upon the same issues, and the court in that case sustained a finding of the board upon the testimony against the claim of commercial designation as advanced by the importers. It does not appear by the record that the testimony taken in the cited case was formally made part of the present record. However, the board states in its decision of the present case that the merchandise involved in both cases is identical, and the respective counsel upon both sides refer to the former case in their briefs in this case. The court is led to say that the testimony contained within the present record undoubtedly presents a stronger basis for the importers' claim of commercial designation than did that thus passed upon in the former case; nevertheless it is not such as requires the court to reverse the finding of the board in favor of the prima facie case established by the classification and assessment of the collector.

The decision of the board is therefore *affirmed.*