ALTMAN & Co. v. UNITED STATES (No. 1384).[1]

1. PRACTICE.

At the trial importers' counsel stated that as to certain protests no samples of the gloves covered by them could be had, and they were abandoned.   Subsequently, however, by stipulation these protests were reopened, and it was agreed the rate on the goods in question should be determined by the rule laid down in the Wertheimer case.   This became an agreed statement of facts, and the rule in the Wertheimer case should have been applied—United States v. Wertheimer (4 Ct. Cust. Appls., 338; T. D. 33528).

[1] Reported in T. D. 34941 (27 Treas. Dec., 531).

2. LEATHER GLOVES, HAND EMBROIDERED.

The second class of gloves bore three-point embroideries that were hand stitched. Each of the three points was stitched by the use of only two separate threads, but in each point the two threads are continued so as to form three or four rows or lines. As to these, United States v. Wertheimer (4 Ct. Cust. Appls., 338; T. D. 33528) rules, and the doctrine of *stare decisis* applies.

## United States Court of Customs Appeals, November 18, 1914.

APPEAL from Board of United States General Appraisers, Abstract 34943 (T. D. 34247).

[Reversed.]

*Allan R. Brown* for appellants.

*Bert Hanson*, Assistant Attorney General (*Charles E McNabb*, assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise now upon appeal consists of embroidered leather gloves which were imported under the tariff act of 1909.

The collector assessed the importations with appropriate primary duty, and in addition thereto assessed a cumulative duty of 40 cents per dozen pairs under the last clause of paragraph 459 of the act.

The importers protested against the cumulative duty, and their protest was submitted upon evidence to the Board of General Appraisers. Upon consideration the board overruled the protest and the importers now prosecute their appeal.

The following is a copy of the pertinent parts of paragraph 459:

459. In addition to the foregoing rates there shall be paid the following cumulative duties: * * * on all gloves stitched or embroidered, with more than three single strands or cords, forty cents per dozen pairs.

The present issue, therefore, is whether the imported gloves are stitched or embroidered with more than three single strands or cords, within the meaning of the cumulative provision just above copied.

The gloves in question are of two classes. The first class consists of certain items marked "C" upon the invoices, covered by protest No. 674320. It appears from the record that at the trial before the board the importers' counsel made the following statement relative to this protest:

Mr. BROWN. Here I notice protests 666619 and 674320. We could obtain no samples nor identify the embroidery; those are abandoned.

There was no testimony offered at the trial relative to the protests thus abandoned. Afterwards, however, the following written stipulation, signed by counsel for both Government and importers, was filed with the board and made part of the record:

In the matter of protests * * * 674320 * * * of B. Altman & Co.

Stipulations:

It is hereby stipulated and agreed between counsel for the importers and counsel for the United States that the above-entitled protests may be reopened for the purpose of filing this stipulation. ·

It is further stipulated and agreed that the items marked "C" on the left-hand margin of the invoices in the above-entitled protests cover Paris point gloves of the kind passed upon in the Wertheimer case (T. D. 33528).

It is further stipulated and agreed that the protests may be submitted after filing this stipulation.

After the filing of this stipulation the board entered its decision in the case, sustaining protest No. 674320 by number in one paragraph of the decision and overruling the same protest by number as abandoned in a later paragraph of the decision. This confusion doubtless resulted from clerical error in the drafting of the decision. The board later entered an amendment of the decision, whereby it struck out the part sustaining protest 674320 and retained the part which overruled the same as abandoned.

This ruling of the board was clearly erroneous. The abandonment of protest No. 674320 was opened up by the filing of the written stipulation above copied, and the facts therein conceded became an agreed statement of facts in the case. In the Wertheimer case, United States v. Wertheimer (4 Ct. Cust. Appls., 338; T. D. 33528, this court had held that the Paris point gloves in question were not subject to cumulative duty under paragraph 459 of the tariff act of 1909 as gloves stitched or embroidered with more than three single strands or cords. Inasmuch as the stipulation recited that the gloves marked "C" in protest No. 674320 were of the same kind as those passed on in the Wertheimer case, it became the right of the importers to have their protest sustained as to those items.

The second class of goods involved in the present appeal consists of certain leather gloves bearing three-point embroideries which were stitched by hand alone. Each of the three points was stitched by the use of only two separate threads, but in each point the two threads are continued so as to form three or four rows or lines.

It is contended by the Government that in case of hand-stitched gloves like these the proper method of counting the threads is to take the aggregate of all which compose the three points upon a single glove, and not those only which compose a single point upon a glove. According to this rule the gloves now in question would be classified as gloves stitched with more than three single strands or cords and be subject to the cumulative duty, whereas if the threads in a single point only be taken as determinative the opposite result would follow.

The provision for a cumulative duty upon embroidered leather gloves which appears in paragraph 459, *supra*, was incorporated in substantially similar terms in the tariff acts of 1890 and 1897, and it became the subject of much litigation. See United States v. Spielmann (1 Ct. Cust. Appls., 279; T. D. 31320), United States v. Perkins (1 Ct. Cust. Appls., 323; T. D. 31430), Carson v. United States (2 Ct. Cust. Appls., 105; T. D. 31656), United States v. Wertheimer & Co.

(2 Ct. Cust. Appls., 454; T. D. 32204), United States *v.* Germain (3 Ct. Cust. Appls., 321; T. D. 32620), United States *v.* Wertheimer & Co. (4 Ct. Cust. Appls., 338; T. D. 33528, and cases cited).

In the Wertheimer case (4 Ct. Cust. Appls, 338, 343; T. D. 33528) the following conclusion upon the subject was announced for this court by Judge Smith:

The record shows, without contradiction, that five classes of machines are used in the ornamentation of gloves and that the style of decoration is determined by the particular machine which has been employed in doing the work. For one kind of ornamentation a machine with a single needle and thread and carrying no bobbin or bobbin thread is employed; for another, a machine is used which is equipped with a needle and bobbin and two threads, one for the needle and one for the bobbin. A third variety of ornamentation is accomplished by a machine furnished with two needles and a bobbin and three threads, two for the needles and one for the bobbin, while a fourth and a fifth class of decoration is evolved by machines provided, respectively, with three needles and a bobbin and four needles and a bobbin and the appropriate number of threads.

We think that when Congress laid an additional duty on gloves stitched or embroidered with more than three strands it had in contemplation the methods of manufacture and the machines actually employed by the industry in stitching and embroidering the backs of gloves and that it was the legislative intention that the question of additional duty should be determined by the number of threads really employed in doing the stitching or embroidering rather than by the number of rows or lines of decoration actually stitched. It appears from the testimony that the Paris point gloves here in dispute are ornamented on the back by a machine carrying two needles and a bobbin and employing not more than three threads. They are therefore not stitched with more than three single strands and are not, in our opinion, subject to the additional duty prescribed by paragraph 459. Whether the word "cord" was used in paragraph 459 in the sense of thread or to designate the raised effect produced by creasing and stitching the leather of a glove longitudinally into what is sometimes called a cord we do not pretend to say. If it was used as synonymous with thread, the gloves are not stitched with more than three cords. If it means the raised effect produced by stitching, it is plain from an examination of the exhibit that there are not more than three ribs or corded effects on the back of the glove.

The gloves involved in the foregoing case were ornamented with three points each, and each point was composed of three separate threads, stitched, however, into five lines or rows in every point. The court held that the gloves were to be classified under paragraph 459 in accordance with the number of separate threads composing an individual point. This decision directly negatives the Government's present contention. Nor was the Government's claim overlooked at the trial of the Wertheimer case, for it was argued by the counsel in that case and submitted to the court. The decision announced in the case was based upon the view that the style of the stitch employed in each point should determine the character of the embroidery and not the aggregate number of threads found in all of the points upon a given glove. It is true that the gloves now at bar differ from those involved in the Wertheimer case in the particular that the present

articles are hand stitched, whereas the former ones were stitched upon machines. It does not appear, however, that this fact alone should defeat the application of the rule announced in that case, for in either kind of stitching three or more separate threads may be employed in forming a single point, and the improbability that more than three separate threads would ever actually be used for one point in hand stitching should not alter the construction already placed by the court upon the much-disputed provision in question. To the contrary, the present case seems distinctly to invite the application of the rule of *stare decisis*.

The decision of the board is therefore *reversed*.