UNITED STATES *v.* MILLS & GIBB (No. 1719).[2]

1. EVIDENCE—PRESUMPTION IN FAVOR OF BOARD.

In order to warrant a reversal of a decision of the Board of United States General Appraisers this court must be satisfied that its finding is wholly without evidence to support it or that it was clearly contrary to the weight of the evidence.

---

[1] Reported in T. D. 36963 (32 Treas. Dec., 86).
[2] Reported in T. D. 36964 (32 Treas. Dec., 86).

2. JACQUARD FIGURED UPHOLSTERY GOODS.

With the evidence in hopeless conflict as to whether or not certain Jacquard figured nets and nettings, made of cotton, and intended for use in the making of window curtains and chiefly so used, are known commercially as upholstery goods, the board's classification of them as upholstery goods under paragraph 258, tariff act of 1913, and not as nets or nettings under paragraph 358, is affirmed.

United States Court of Customs Appeals, January 16, 1917.

APPEAL from Board of United States General Appraisers, G. A. 7898 (T. D. 36363.) [Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, of counsel), for the United States.

*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellees.

[Oral argument Oct. 26 and 27, 1916, by Mr. Baldwin and Mr. Lane.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise consists of certain drapery nets and nettings. Eleven of the representative samples were made on the Nottingham lace-curtain machine and one on the Lever machine. They were classified for dutiable purposes as nets or nettings under the terms of paragraph 358 of the tariff act of 1913 providing for "* * * nets, nettings, * * * all of the foregoing of whatever yarns, threads, or filaments composed, * * *." The importers protested, alleging, among other matters not deemed important of recital, that the merchandise was dutiable as "Jacquard figured upholstery goods" under the provisions of paragraph 258 of that act, which we quote in full:

258. Curtains, table covers, and all articles manufactured of cotton chenille, or of which cotton chenille is the component material of chief value, tapestries, and other Jacquard figured upholstery goods, composed wholly or in chief value of cotton or other vegetable fiber; any of the foregoing, in the piece or otherwise, 35 per centum ad valorem; all other Jacquard figured manufactures of cotton or of which cotton is the component material of chief value, 30 per centum ad valorem.

The Board of General Appraisers sustained the protests. The Government appeals. The Government in its brief, and at the oral argument, concedes that the goods are Jacquard figured, made of cotton, intended for use in the making of window curtains and are chiefly so used; but the Government denies that the importations are "upholstery goods" in the commercial sense. All parties agree that the goods are substantially the same as those passed upon by this court in Carter & Son *v.* United States (6 Ct. Cust. Appls., 253; T. D. 35475). The Government, however, seeks to avoid the force and effect of that decision by attempting to show that in wholesale trade and commerce these importations are not classed as upholstery goods and therefore fall for dutiable purposes as assessed. Commendable zeal and industry have been shown by both parties at the

trial of the case before the board and in this court whereby the pertinent facts and law have been ably presented for determination of the issues involved.

Of the testimony the board in its opinion said:

The testimony in this case is voluminous and hopelessly conflicting. Some 36 witnesses were examined, 20 having been called by the Government and 16 called by the importers. The testimony offered by the Government to sustain the alleged trade usage of the term is met by the importers with a large volume of contradictory testimony from witnesses of apparently equal intelligence, equal opportunities of learning trade usages and terms, and equal good faith.

\* \* \* \* \* \* \*

There is such a hopeless confusion and irreconcilable differences between the witnesses as to make it impossible to find that term "upholstery goods" has a definite, uniform, and general meaning throughout the trade. The case, therefore, stands upon the ordinary meaning of the words "upholstery goods," and the court of customs appeals having already determined the meaning attached to that term as including goods like those in this importation, it follows that the claim in the protest that these goods are dutiable as upholstery goods must be and it is sustained.

The court is of the view that a fair interpretation of the opinion must hold it a finding that the Government, upon whom rested the burden of establishing commercial designation or usage, had failed to do so by evidence satisfactory in quality and degree; wherefore, the board was, and declared itself, unable to find the existence of such a trade designation and usage, which is tantamount to a finding that such was not established by the evidence. An irreconcilable conflict in the evidence as to material facts, such as shown in this case and so declared by the board, has always been held a sufficient determination of fact to support decision. Downing v. United States (1 Ct. Cust. Appls., 500, 504; T. D. 31530); Masson et als. v. United States (3 Ct. Cust. Appls., 420; T. D. 33000); Meyer & Lange et al. v. United States (3 Ct. Cust. Appls., 247; T. D. 32565); United States v. Snow's United States Sample Express Co. et al. (6 Ct. Cust. Appls., 477; T. D. 36120); United States v. Nordlinger (121 Fed., 690); United States v. Zeimer et al. (107 Fed., 912).

There is in this record unquestionably upon material points a serious and irreconcilable conflict of evidence. The rule of law in that status is well settled. In United States v. Riebe (1 Ct. Cust. Appls., 19; T. D. 30776) the rule was early stated: "In order to warrant a reversal of the board we must be satisfied that its finding is wholly without evidence to support it or that it was clearly contrary to the weight of the evidence." Holbrook v. United States (1 Ct. Cust. Appls., 263; T. D. 31317); Carson v. United States (2 Ct. Cust. Appls., 105; T. D. 31656); United States v. Wertheimer & Co. (2 Ct. Cust. Appls., 454; T. D. 32204); United States v. Zito (3 Ct. Cust. Appls., 209; T. D. 32531); United States v. Germain (3 Ct. Cust. Appls., 321; T. D. 32620); Cattus et al. v. United States (4 Ct. Cust.

Appls., 9; T. D. 33198); Nevin *v.* United States (5 Ct. Cust. Appls., 423; T. D. 34945).

In that view of the case and for the reasons stated the decision of the Board of General Appraisers should be, and is, *affirmed.*