FISHER et al. v. UNITED STATES.

(Circuit Court, S. D. New York. January 19, 1899.)

No. 2,587.

CUSTOMS DUTIES—CLASSIFICATION—ISTRIAN MARBLE.

Istrian stone or marble, quarried in Istria, some 10 miles from Trieste, was dutiable under paragraph 103 of the act of 1894, under the description "marble of all kinds," and not under paragraph 105½, as "limestone," etc.

This was an application by Fisher & Co. for the review of a decision of the board of general appraisers in respect to the classification for duty of certain marble or limestone imported by them. The facts are shown in the opinion of the board of general appraisers, which was as follows:

The merchandise is invoiced as "Istrian stone," and was assessed for duty at 50 cents per cubic foot, under paragraph 103, Tariff Act 1894, which reads as follows: "103. Marble of all kinds in block, rough or squared only, fifty cents per cubic foot." There are two claims made in the protest, viz. that the article in question is dutiable (1) under paragraph 105½ of said act, as "limestone, and other building or monumental stone, except marble, unmanufactured, or undressed, not specially provided for" in said act, 7 cents per cubic foot; or (2) under paragraph 106, which provides for the same varieties of stone, as described in said paragraph 105½, "hewn, dressed or polished," at 30 per cent. ad valorem. The first claim only was insisted on at the hearing, the second being abandoned by the importers' counsel.

The local appraiser, in his report to the collector, states that the article in question is commercially known as "Istrian marble." A member of the importing firm, who was examined at the hearing, stated that the merchandise was in the form of rough blocks, not hewn or dressed in any manner; that it was known as "Istrian stone," and was quarried in Istria, about ten or twelve miles from Trieste, on the opposite side of the Adriatic from Venice. He further stated that the article is unquestionably a species of limestone; that it is susceptible of a very good polish, but is not known abroad as marble, where it is found, but as "pierre d'Istria," or "Istrian stone." To the question, "Have you been in Venice, and seen it there?" he replied, "Yes, sir; the streets are paved with it; the Rialto Bridge is built with it, notably, and nearly all the ancient buildings in Venice were built of it." Question: "Is the board to understand that you pronounce on the question as to whether this is marble, in fact, or not?" Answer: "No, sir; I cannot answer. I question if any one can answer the question." The following may be regarded as approved definitions of the words "marble" and "limestone," as ordinarily understood. Century Dictionary: "Limestone is more or less crystalline or crystalline granular in condition. Any limestone, however, even if very compact or showing only traces of a crystalline structure, may be called 'marble' if it is capable of taking a polish, or if it is suitable or desirable for ornamental and decorative purposes." Again: "Marble is the name given to the more crystalline limestones, and especially to such as are solid and handsome enough to be used for ornamental purposes or in costly buildings." Worcester's Dictionary defines "marble" as "a limestone or carbonate of lime of many varieties, having a granular and crystalline texture, and capable of a high polish." The New American Cyclopedia (volume 11, pp. 171, 172) gives the following definition: "Marble. A rock used as an ornamental building stone, for interior decorations and for sculpture. Generally, any limestone that can be obtained in large sound blocks, and is susceptible of a good polish, is marble, and the only marble that is not limestone is the serpentine and the verd antique (the latter a mixture of serpentine and limestone)." The last authority, under the title of "Venice," also states, in the nature of a well-known historical fact, that the famous Rialto Bridge at

Venice is built of "marble,"—a fact which becomes pertinent to this case in view of the importers' statement that this bridge is constructed of the same material as that under consideration in their protests. The evidence fails to show that the commercial designation of the term "marble" differs essentially from the ordinary or popular meaning of the word. The two samples of the merchandise (marked Exhibits 1 and 2, respectively) introduced in evidence at the hearing illustrate the nature of the merchandise, being fragments of the imported blocks, about six or eight inches square in dimensions. Sample 2 has been subjected to a polishing process, under direction of the board, and by the importer himself. It has taken on a very good polish, is of a grayish cream color, and of a solid crystalline structure. We find accordingly (1) that the merchandise is a species of limestone, known as "Istrian marble"; that it takes on a good polish, and is suitable for flooring or paving vestibules of buildings and for other building purposes; (2) it is a marble in fact, within the ordinary definition of that term, and is commercially known as a species of marble, and was imported in the form of blocks. The protests claiming the article to be dutiable under either of the paragraphs named above (105½ or 106) are overruled, and the collector's decision is affirmed in each case.

Stephen G. Clarke, for appellants.
James T. Van Rensselaer, Asst. U. S. Atty.

WHEELER, District Judge. · Paragraph 103 of the act of 1894 provides for a duty on "marble of all kinds." The board has, upon evidence, found that this merchandise is "Istrian marble," which is a kind of marble. No evidence has been taken since, and the finding cannot properly be disturbed. Decision affirmed.