BOCKMANN v. UNITED STATES.

(Circuit Court, S. D. New York. May 23, 1907.)

No. 4,215.

CUSTOMS DUTIES—CLASSIFICATION—HAUTEVILLE STONE—MARBLE.

Hauteville stone, a compact limestone susceptible of a fairly high polish and used for decorative work in the interiors of buildings, is dutiable as "marble," under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 114, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635], rather than as "limestone * * * not specially provided for," under paragraph 117, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,298 (T. D. 27,157), affirming the assessment of duty by the collector of customs at the port of New York on an importation by A. E. Bockmann.

The Board's opinion reads as follows:

McCLELLAND, General Appraiser. The merchandise here involved is what is known as "Hauteville stone." It was returned as "marble in block," and was assessed for duty at the rate of 65 cents per cubic foot under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 114, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635]. Claim is made that duty should have been assessed at the rate of 12 cents per cubic foot under the provisions of paragraph 117, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636].

The provision in said paragraph 114 under which duty was assessed reads as follows: "Marble in block, rough or squared only, sixty-five cents per cubic foot." And paragraph 117, under which claim is made for duty at the rate of 12 cents per cubic foot, reads as follows: "Freestone, granite, sandstone, limestone, and other building or monumental stone, except marble and onyx, unmanufactured or undressed, not specially provided for in this act, twelve cents per cubic foot."

The sole question to be determined, therefore, is whether the merchandise is marble or limestone, within the meaning of the language of the two provisions just quoted, and since according to the definitions of lexicographers, all marble, with the exception of certain well-known varieties, is limestone, it at once appears difficult to determine, even from a commercial viewpoint, the line of demarcation between limestone which is marble and limestone which is not marble. This difficulty is borne out by the remarks of George P. Merrill, Ph. D., head curator of geology in the United States National Museum, and author of "Stones for Building and Decoration," etc., which we transcribe from the special report of the United States census office, 1902, on "Mines and Quarries," under the caption "Marble," at page 791: "The stones here included under the head of marble are mainly those composed of carbonate of lime, or mixed carbonates of lime and magnesia—in other words, limestones and dolomites, which, owing to their color and physical properties, are suitable for high-grade building and ornamental purposes. It should be stated that no sharp line can be drawn between what is popularly known as marble and the common limestones and dolomites, as what is or what is not suitable for decoration must depend largely on the taste of the individual."

A question similar to that now before us was considered and determined by the Board in G. A. 3,803 (T. D. 17,928), involving what is known as "Istrian stone," which was assessed for duty as marble in block, as the merchandise in this case was assessed. Comparison of a sample of Istrian stone with the Hauteville stone now before us shows that in appearance they are very much alike. On behalf of the protestant, it is admitted that Hauteville stone will take a polish similar to that shown on Exhibit B in the record. Definitions of marble and limestone, as generally understood, are as follows:

Century Dictionary: "Limestone is more or less crystalline or crystalline granular in condition. Any limestone, however, even if very compact or showing only traces of a crystalline structure, may be called marble if it is capable of taking a polish, or if it is suitable or desirable for ornamental and decorative purposes. * * * Marble is the name given to the more crystalline limestones, and especially to such as are solid and handsome enough to be used for ornamental purposes or in costly buildings."

Worcester's Dictionary: "Marble, a limestone or carbonate of lime having a granular and crystalline texture, and capable of a high polish."

New American Cyclopedia: "Marble, a rock used as an ornamental building stone, for interior decorations and for sculpture. Generally, any limestone that can be obtained in large sound blocks and is susceptible of a good polish is marble."

New International Encyclopedia: "Marble.—In a strict sense, a crystalline limestone having a granular structure. The term has however, become broadened as a result of commercial use and now includes any limestone, either crystalline or noncrystalline, which will take a polish."

But these definitions really do not aid in any great measure in determining the dividing line between what is marble and what is limestone other than marble. In G. A. 3,803 (supra), the Board said: "The evidence fails to show that the commercial designation of the term 'marble' differs essentially from the ordinary or popular meaning of the word."

It cannot be said in this case that we are without evidence as to the commercial meaning of the term "marble," and what may be included therein; but in such trade definitions as we have it is evident that there are many well-known kinds of marble that are omitted, and we are inclined to the opinion that the issue involved must be determined very largely upon the question of the uses to which this Hauteville stone may be and is ordinarily applied. Dana says, in his System of Mineralogy (Ed. 1899, p. 276): "Hard compact limestone varies from nearly pure white, through grayish, drab, buff, yellowish, and reddish shades, to bluish gray, dark brownish gray, and black, and sometimes variously veined. The colors dull, excepting the ocher yellow and ocher red varieties. Many kinds make beautiful marble when polished."

It is in evidence that Hauteville stone is used for staircase slabs, balusters, bases, vestibules, entrances to private and public buildings, steps, platforms, and floor tiling. The one trade witness, beside the importer, who testified on behalf of the protestant, stated that in estimating for a library

building. at ·Boston,· in 1885, his estimate· was in part based upon the use of Hauteville stone similar to that before us, and that in said estimate it was calculated to be used for interior ornamental and decorative purposes, and also that he knew of its use in the Postal Telegraph Company's building, at 253 Broadway, in the city of New York, as steps and for a base course along the side of the stairs, and that at least that part of it used in the base course was polished. The same class of stone was ·shown by this witness to have been used for similar purposes in the construction of the Holland House in the city of New York.

It is noted that in framing paragraph 117, under which protestant claims that this stone should have been assessed, marble and onyx are excepted therefrom; and it is our opinion after examination of the sample and consideration of the evidence, having in view the uses of which this stone is capable and to which it is actually put, that it is not limestone of the character contemplated by said paragraph 117, but that, by reason of its compactness and its being susceptible of a fairly high polish, its classification as marble is justified, and we so find. G. A. 4,628 (T. D. 21,915).

. Comstock & Washburn (J. Stuart Tompkins, of counsel), for importer.

D. Frank Lloyd, Asst. U. S. Atty.

. PLATT, District Judge. Decision affirmed.