## BOCKMANN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 11, 1908.)

No. 130 (4,215).

CUSTOMS DUTIES—CLASSIFICATION—HAUTEVILLE STONE—"LIMESTONE"—"MAR-BLE."

In Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 114, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635], the term "marble" is used according to its more precise definition as a limestone having a granular and crystalline structure, rather than in its broader sense of being a limestone susceptible of a high polish. Therefore, Hauteville stone, which, though an ornamental, polishable high-grade limestone, is not crystalline, is not dutiable under said provision, but under paragraph 117, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636], as "limestone."

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, p. 4366.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal from a decision affirming a decision of the Board of General Appraisers—G. A. 6,298 (T. D. 27,157)—which affirmed the action of the collector.

For decision below, see 154 Fed. 1000.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for the importer.

D. Frank Lloyd, Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The merchandise in question is what is generally called "Hauteville stone." It is a limestone, and takes its name from the district in France where it is quarried. It is extensively used for building purposes abroad and, to a limited extent, for such purposes in this country. The tariff precludes its extensive use for building purposes here. The present importation is in the form of undressed blocks.

The importer claims that the merchandise is undressed limestone, and comes within paragraph 117 of the tariff act of 1897, c. 11, § 1, Schedule B, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636]:

"Freestone, granite, sandstone, limestone, and other building or monumental stone, except marble and onyx, unmanufactured or undressed, not specially provided for in this act, twelve cents per cubic foot."

The government, on the other hand, claims that the merchandise is marble in blocks, and thus within the exception in the paragraph quoted and subject to duty under paragraph 114 of said act:

"Marble in block, rough or squared only, sixty-five cents per cubic foot."

The only question in the case, therefore, is whether Hauteville stone is marble or limestone within the meaning of these paragraphs. The stone is limestone, and falls within the limestone paragraph, unless shown to be that species of limestone called marble. The term "marble" is sometimes broadly used to describe any limestone susceptible

of a high polish. There is some testimony of such commercial usage of the term. But as used in the tariff act wherein articles are classified with some exactness, we think a more precise definition should be adopted. The best authorities define marble as a limestone having a granular and crystalline structure. It is crystalline limestone. Now, according to the weight of the testimony, Hauteville stone is not a crystalline limestone at all. It is a high-grade limestone, ornamental and polishable; but we think that it is not sufficient to take it out of the limestone and put in into the marble paragraph. It is unquestionably limestone. It can only be called marble by giving that term a broad, indefinite, and uncertain meaning.

The decision of the Circuit Court is reversed.