UNITED STATES v. C. D. JACKSON & CO. et al.

(Circuit Court, S. D. New York. November 13, 1909.)

Nos. 5,443–5,447.

CUSTOMS DUTIES (§ 25*) — CLASSIFICATION — HAUTEVILLE STONE—"MARBLE"—"LIMESTONE."

Hauteville stone, and various other stones of substantially the same character, which are susceptible of a high polish and are used as an interior decorative stone, are not the kind of limestone that is "marble," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 114, 30 Stat. 158 (U. S. Comp. St. 1901, p. 1635), but are dutiable as "limestone," under paragraph 117, 30 Stat. 159 (U. S. Comp. St. 1901, p. 1636).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 25.*

For other definitions, see Words and Phrases, vol. 5, p. 4366; vol. 5, p. 4166.]

On Application for Review of a Decision by the Board of United States General Appraisers.

These cases were also entitled in the names of Pisani Bros., Traitell Marble Company, A. E. Bockmann, and Robert Rossmann. The decision below is reported as G. A. 6,856 (T. D. 29,496), and reversed the assessment of duty by the collector of customs at the port of New York.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles D. Lawrence, Asst. Counsel, of counsel), for the United States.

Walden & Webster (Henry J. Webster, of counsel), for C. D. Jackson & Co.

Curie, Smith & Maxwell (W. Wickman Smith, of counsel), for Pisani Brothers.

Comstock & Washburn (Albert H. Washburn, of counsel), for Traitell Marble Company and A. E. Bockmann.

Hatch & Clute (Walter F. Welch, of counsel), for Robert Rossmann.

PLATT, District Judge. The importations herein are Hauteville stone, and various other stones, which are admitted to be of substantially the same character and consistency, and for tariff purposes must

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be treated alike. The Hauteville stone was before me in the Bockmann Case (C. C.) 154 Fed. 1000, and it struck me then that it was such a kind of limestone as ought to come under the marble exception, in paragraph 117 (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636]) and be thrown over into the marble paragraph, 114. It was altogether too susceptible to a high polish and too advantageous in use as an interior decorative stone, too granular and too crystalline, not to be segregated and separated from such stones as freestones, granite, sandstones, etc. It was not so very far from the line, I thought, but just far enough. The Board in the Bockmann Case laid stress upon its compactness and susceptibility of high polish, but to my mind its granular and crystalline formation rendered it susceptible to a high polish. The Circuit Court of Appeals, however (158 Fed. 807, 86 C. C. A. 67), differed with the Board and with me. It agreed that in common parlance any limestone susceptible of a high polish might be called marble, but it seemed to be of the opinion that Congress did not frame the tariff act on any such casual basis. The best authorities, the court says, "define marble as a limestone having a granular and crystalline structure. It is crystalline limestone." But the court says that by the weight of testimony the article in dispute was "not crystalline limestone at all." It therefore reached the conclusion that upon the facts of that case the importation was limestone, and not marble.

The government went back to the Board, and made up some new cases on the same issue, which are now before me on appeal. It had a chance to show that the importations then put at issue were of such a character as to bring them within the definition given by the best authorities and adopted by the higher court. If it tried to do so, it certainly failed to convince the Board. The decision makes that point clear. It is therefore obvious that the government has had its day in court and lost. It is my imperative duty to accept the conclusions of fact found by the Board, and upon those conclusions I am equally bound by the law as laid down by the Circuit Court of Appeals.

My hands and feet are tied, and with sad resignation and a deep fellow feeling of sympathy for the Board, its decision is affirmed.