WIMPEHEIMER & Co. *v.* UNITED STATES (No. 2464)[1]

PARAGRAPH 1402, TARIFF ACT OF 1922—"EQUIPMENT"—TAPE FOR GOLF CLUBS— "OCOBO PLASTER."

Paragraph 1402, tariff act of 1922, provides for certain balls and bats "or other equipment, such as is ordinarily used in conjunction therewith in exercise or play." The word equipment "means inanimate objects ordinarily used and needed or required for the safe, proper, and efficient taking of physical exercise with balls, and inanimate objects ordinarily used and needed or required for the safe, proper, and efficient playing of any indoor or outdoor ball game or sport."—Cruger's (Inc.) *v.* United States (12 Ct. Cust. Appls. 516; T. D. 40730), decided concurrently herewith. Gummed tape for wrapping the grips of golf clubs, invoiced as "ocobo plaster," does not come within this definition, and the judgment of the Board of United States General Appraisers overruling a protest against its classification as manufactures of cotton under paragraph 921, is affirmed.

United States Court of Customs Appeals, March 6, 1925

APPEAL from Board of United States General Appraisers, Abstract 47726

[Affirmed.]

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellants.
*William W. Hoppin*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.

[Oral argument Jan. 16, 1925, by Mr. Place and Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BLAND, and HATFIELD, Associate Judges; BARBER, Associate Judge, participating in the decision by agreement of counsel

HATFIELD, Judge, delivered the opinion of the court:

The merchandise the subject of this appeal was described in the invoice as "Ocobo plaster." It was reported by the appraiser to consist of "strips of cotton coated with gum" and "used for golf club grips."

It is stated in the brief of counsel for appellants that—

the official sample consists of cotton tape, about one-half inch in width, to one side of which gum or some other adhesive substance has been applied; it has been wound upon itself. The length is not stated; but there appears to be enough to wind around that portion of a golf club which is gripped by the player's hands.

---

[1] T. D. 40730.

There is no issue of fact in the case.

The merchandise was assessed for duty by the collector under paragraph 921 of the tariff act of 1922 at 40 per cent ad valorem as a "manufacture of cotton or of which cotton is the component material of chief value."

Paragraph 921 reads as follows:

PAR. 921. All articles made from cotton cloth, whether finished or unfinished, and all manufactures of cotton or of which cotton is the component material of chief value, not specially provided for, 40 per centum ad valorem.

It is claimed by the appellant that the imported merchandise is properly dutiable under paragraph 1402 of the tariff act of 1922, the pertinent part of which reads as follows:

PAR. 1402. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play, all the foregoing, not specially provided for, 30 per centum ad valorem. * * *

The case was submitted to the Board of General Appraisers upon the report of the appraiser, which was introduced in evidence, and an official sample of the merchandise.

The board overruled the protest and the importer appealed.

It is contended by the appellant that the merchandise is more specifically provided for in paragraph 1402, supra, as "other equipment, such as is ordinarily used in conjunction therewith in exercise or play."

The imported merchandise may be equipment for golf clubs, but it certainly can not be considered equipment for golf balls, or equipment used in conjunction with such balls in exercise or play. The word "equipment," as used in paragraph 1402, supra, has been held by this court to mean supplies and adjuncts "needed or required" to "accomplish a special object or purpose," and to include only such articles as are ordinarily used and "needed or required" to adapt the articles enumerated in such paragraph, for physical exercise and play; together with such articles of equipment as are ordinarily used and "needed or required" to protect the player in any game or sport in which such enumerated articles are used.—Cruger's (Inc.) *v.* United States (12 Ct. Cust. Appls. 516; T. D. 40730), decided concurrently herewith.

Paragraph 1402, supra, provides for equipment to be used in conjunction with golf balls, in exercise or play, and includes within its terms, such articles as golf clubs. A mere part of a golf club is not such equipment, and is not included within the terms of the paragraph.

The judgment of the Board of General Appraisers is *affirmed.*