UNITED STATES *v.* TOMPKINS KIEL MARBLE CO. (No. 2674)[1]

MARBLE, PARAGRAPH 232, TARIFF ACT OF 1922—LEGISLATIVE SANCTION OF JUDICIAL CONSTRUCTION—LIMESTONE.

In *United States* v. *Jackson,* 1 Ct. Cust. Appls. 25, marble, under the Tariff Act of 1897, was defined as "a crystalline limestone or crystallized carbonate of lime susceptible of a high polish and decorative or ornamental in effect." Reenactment of substantially the same provision in successive tariff revisions is a legislative approval of this definition; and the word marble, in paragraph 232, Tariff Act of 1922, will be so construed. Building stone, known as Pierre brute and Champville stone, shown to be limestone and to lack one of the essential characteristics of marble, crystallization, was rightly held to be "limestone" under paragraph 235, as against the collector's classification as "marble" under paragraph 232.

United States Court of Customs Appeals, April 17, 1926

APPEAL from Board of United States General Appraisers, Abstract 50055

[Affirmed.]

*Charles D. Lawrence,* Assistant Attorney General (*Jerome G. Clifford,* special attorney, of counsel), for the United States.

*Walden & Webster* (*Walter F. Welch* and *Edward F. Jordan* of counsel) for appellee.

[Oral argument March 18, 1926, by Mr. Lawrence and Mr. Welch]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The goods imported are two shipments of stone entered as Pierre brute and Champville stone and classified for duty as marble in

---

[1] T. D. 41527.

block at 65 cents per cubic foot, under paragraph 232 of the Tariff Act of 1922. The goods were claimed, in the protests, to be dutiable as limestone at 15 cents per cubic foot under paragraph 235 of said act. The importer appealed to the Board of General Appraisers, and the board, after a hearing, sustained the protests. From that judgment the Government appeals.

Paragraphs 232 and 235, so far as material, are as follows:

232. Marble, breccia, and onyx, in block, rough or squared only, 65 cents per cubic foot; * * *.

235. Freestone, granite, sandstone, limestone, lava, and all other stone suitable for use as monumental or building stone, except marble, breccia, and onyx, not specially provided for, hewn, dressed, or polished, or otherwise manufactured, 50 per centum ad valorem; unmanufactured, or not dressed, hewn, or polished, 15 cents per cubic foot.

The question here is one of fact: Is the material imported, marble? If it is, it was properly classified by the collector; if not, it should be classified as claimed by the importer. To maintain the issues, appellee called one witness in the court below, and the Government two. In addition the records made in protests Nos. 952546 and 26896–G were incorporated by stipulation in the record, it being conceded that in each case the material imported was identical in character with the material in the case at bar. In these two latter records, the testimony of six other witnesses appears.

An examination of the testimony of these witnesses shows that no attempt was made to prove a commercial designation of the term marble. All the testimony was offered in an attempt to prove what is, or is not, marble, in its ordinary signification, and whether the material imported came within such designation.

Marble has been thus defined:

Webster's New International Dictionary, 1925—

Marble, n. 1. Any limestone, granular to compact in texture, capable of taking a polish or of being used for fine architectural work and ornamental purposes. Marble (proper) differs from common limestone in being more or less crystallized by metamorphism.

Funk & Wagnalls New Standard Dictionary, 1925—

Marble, n. 1. A rock composed mainly of calcium carbonate or of calcium and magnesium carbonates, of such color and texture as to be of value for building or for ornamental purposes. * * * Rocks of this nature are more or less metamorphosed limestone.

This court, in *United States* v. *Jackson*, 1 Ct. Cust. Appls. 25, had before it a variety of limestone known as Hauteville, and the question arose whether it was properly classifiable as marble, under paragraph 114 of the Tariff Act of July 24, 1897, or as limestone or other building or ornamental stone under paragraph 117 of the same act.

The court said:

Considering all the evidence and accepting the most restricted definition of marble fixed by the standard authorities and by the testimony for the Government and the importers, to wit, that marble is a crystalline limestone or crystallized carbonate of lime susceptible of a high polish and decorative or ornamental in effect, it is evident that the importation is one of marble and should be so classified.

In its construction of what constituted marble, the case cited followed *Fisher* v. *United States*, 91 Fed. 759, and *Bockman* v. *United States*, 158 Fed. 807, although departing from the judgment of the court in the latter case on other grounds.

The court has never had occasion to depart from this definition of the word marble, and succeeding revisions of the statute have been thereafter made by Congress, reenacting substantially the same language as appeared in the said act of 1897. In view, therefore, of what must be construed as an express legislative approval of the construction placed upon the term marble by this court, it would follow that in this case the record before us should be examined to ascertain whether the proof offered has brought the imported material within the ordinary meaning of the term marble, as thus defined.

The samples show the material to be drab and monotone in color, opaque, of close and fine grain, and capable of being easily cut or carved by a knife or other sharp instrument. When fractured, the surface presents no crystalline appearance to the naked eye. Samples were polished and are before us. There is some dispute about the character of this polish, a witness for the importer stating that it was made by producing an artificial surface upon the stone and polishing that, while the polisher of the stone testifies it was done in the ordinary way, with oxide of tin and acid. As to the permanency of this polish, the witnesses also differ, those for the importer claiming, generally, that the polish is neither good nor permanent, while those for the Government assert that the material is capable of a high polish, as other marbles. All of the witnesses called were persons connected with the marble and stone trade and who gave their personal views about whether the material was marble or limestone, except one, Charles P. Berkey, a professor of geology in Columbia University. Professor Berkey stated that he had examined and made tests of stone identical with that involved in this case, by making thin sections thereof and examining them with a polarizing microscope. As a result of this examination he found the rock to be composed of fragments of shell and other organic growths, cemented together, and that the stone was not crystalline or recrystallized. The witness defined limestone as a natural rock, made up of carbonates of lime, with more or less impurities, and marble as a crystalline limestone, but stated that there was a middle ground

where it was not easy to distinguish the line of demarcation between a simple limestone and a marble. He was, however, definite that the material in question is not marble.

There was no definite denial of the facts as stated by this witness concerning the composition of the imported stone. Daniel M. Robinson, examiner at the port of New York, stated that he had made no test of the material to find whether it was crystalline in structure, but gave it as his opinion that it could not be polished if it were not crystalline. In reply to this, it fairly appears from the testimony of various witnesses in the record that practically all kinds of limestone, whether crystallized or not, are capable of being polished, to some degree, by proper processes.

There is much testimony in the record as to the uses to which this material may be applied, the witnesses for the Government contending that it may be used for any purpose for which marble is used and the witnesses for the importer contending that it is only suitable for some interior building purposes. If the stone lacks one of the essential characteristics of marble, namely, crystallization, such testimony as to use becomes comparatively immaterial. If material at all, it is conflicting and can hardly be said to preponderate in favor of any particular theory of the case. In such cases, a judgment of the court below based thereon ought not to be disturbed.

The judgment is *affirmed*.