## UNITED STATES *v.* DOWNING & CO., INC. (No. 2690)[1]

GOLF HOLE MARKERS—GAME EQUIPMENT.
    Wooden poles topped with wicker frames, used to mark golf holes, are classifiable under the provision of paragraph 1402, Tariff Act of 1922, for equipment for playing outdoor games with balls, rather than as rattan articles under paragraph 407.

### United States Court of Customs Appeals, April 17, 1926

APPEAL from Board of United States General Appraisers, Abstract 50086

[Affirmed.]

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter,* special attorney, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument March 31, 1926, by Mr Carter and Mr Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Wooden poles from six to twelve feet long, on top of each of which is an elliptical frame made of wicker, used as hole markers on golf greens, were assessed for duty at 45 per centum ad valorem, under

[1] T. D. 41549.

paragraph 407 of the tariff act of 1922, as "all articles, not specially provided for, wholly or partly manufactured of rattan."

The importer claimed and the Board of General Appraisers held, that the articles were dutiable at 30 per centum ad valorem, under paragraph 1402 of said act, as equipment. The pertinent portions of said paragraph read as follows:

* * * golf balls * * * and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play.

Under the rule laid down in *Cruger's (Inc.)* v. *United States*, 12 Ct. Cust. Appls. 516, we think the board properly sustained the protest.

The proof shows that the golf greens are always equipped with some kind of a marker to mark the holes as the player approaches the greens. While the testimony is not very definite on the question, we think it shows that some kind of a marker, pole, or flag, is a part of a regular every day equipment of a golf course. Owing to the usual rolling nature of the ground and the distance between the holes, we think the equipment is needed or required for the proper and efficient playing of the outdoor game of golf.

That the merchandise involved should be classified under paragraph 1402 is supported by *United States* v. *Kelley Hardware Co.*, 12 Ct. Cust. Appls. 204, and *Wimpfheimer* v. *United States*, 12 Ct. Cust. Appls. 546, T. D. 40739, 47 Treas. Dec. 295.

The judgment of the Board of General Appraisers is *affirmed*.