130

WALLAU (INC.) *v.* UNITED STATES (No. 2786)[1]

United States Court of Customs Appeals, May 19, 1927

*Walden & Webster (Walter F. Welch* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *Fred J. Carter,* special attorneys, of counsel), for the United States.

[Oral argument December 17, 1926, by Mr. Welch and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Certain woolen, men's half hose, known as golf hose, were imported by appellant and were classified for duty by the collector as half hose, wholly or in chief value of wool, valued at more than $1.75 per dozen pairs, under paragraph 1114 of the Tariff Act of 1922, at 45 cents per pound and 50 per centum ad valorem. The importer protested, claiming them to be dutiable at 30 per centum ad valorem as equipment used in connection with a ball game, under paragraph 1402 of said act. The court below, on appeal, overruled the protest and rendered judgment accordingly, and from that judgment the importer has appealed.

The relevant provisions of the statute are as follows:

1402. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play, all the foregoing, not specially provided for, 30 per centum ad valorem; * * *.

1114. * * * Hose and half hose, and gloves and mittens, wholly or in chief value of wool, valued at not more than $1.75 per dozen pairs, 36 cents per pound and 35 per centum ad valorem; valued at more than $1.75 per dozen pairs, 45 cents per pound and 50 per centum ad valorem.

We announced in *Cruger's* v. *United States,* 12 Ct. Cust. Appls. 516, a case involving polo caps and helmets, a rule of construction to be followed with reference to the language "other equipment, such as is ordinarily used in conjunction therewith in exercise or play," as it appears in said paragraph 1402. We there said:

We are consequently of the opinion that the term "equipment" as used in paragraph 1402 means inanimate objects ordinarily used and needed or required

for the safe, proper, and efficient taking of physical exercise with balls, and inanimate objects ordinarily used and needed or required for the safe, proper, and efficient playing of any indoor or outdoor ball game or sport.

We followed the doctrine thus announced in *Cruger's* case, *supra*, in *Wimpfheimer & Co.* v. *United States*, 12 Ct. Cust. Appls. 546, and *United States* v. *Downing*, 14 Ct. Cust. Appls. 43, T. D. 41549.

The appellant, apparently appreciating the force of the holding in *Cruger's* case, *supra*, and to bring the importations within the definition of equipment there announced, called a number of witnesses in the court below. Of these, Alex. Lee Wallau, president of appellant, testified that hose similar to the imported golf hose are required by the player for the proper and efficient playing of the game of golf; that for the most efficient playing of the game they are "absolutely necessary and one of the most efficient pieces of equipment that has been made for any game." Thomas Boyd, a golf professional, testified that hose like those imported were absolutely required for the proper and efficient playing of the game of golf, and that they serve to protect the player against the exigencies of the game, keep him free from brambles and are essential for such protection. Patrick Doyle, also a golf professional, testified that such hose were required by the golf player for the proper and efficient playing of the game, and to protect the player against the hazards of the game, such as blisters upon his feet. John G. Anderson testified that hose such as these imported were necessary on windy courses, to benefit putting. There was other testimony offered by appellant, but not bearing directly upon this issue.

To meet this evidence the Government called several witnesses. Edward H. Sudbury, a manufacturer of hosiery, including golf hose, and an experienced golf player, testified that it made no difference with the golf player whether he wore golf hose or not; that some of the greatest professional golf players, such as Ouimet and Barnes, did not wear them when playing, and that such hose did not protect the feet to any greater degree than other hose of the same weight. Richard W. Sulloway, a manufacturer of golf hose and an experienced golf player, testified that such hose as those here imported were not necessary to the playing of a game of golf. John Gullen, a golf professional, testified that golf hose were not absolutely necessary to a good game of golf, and that many of the best professionals played without the use of them. Dominick Caneusa, also a golf professional, testified that hose such as these imported here were of no advantage to him in playing golf, and that he noticed no difference whether he wore them or not while playing. F. L. Thompson and Charles J. Pitman, hosiery manufacturers, both testified substantially to the same effect.

After hearing this testimony the court below made the following finding of fact:

We are not prepared to hold, however (as requested by importer's counsel), "that the merchandise is also required and needed for the proper and efficient playing of golf," more than long stockings would be. Our inability to make the last finding above stated, and the other two findings also requested which are closely associated with it, we think precludes us from holding that the merchandise is within the definition of equipment as stated for the Court of Customs Appeals by Judge Smith in Cruger's (Inc.) v. United States, supra.

Without attempting to pass upon the question whether this controverted matter was a question of fact only or a mixed question of law and fact, it is manifest that upon the record in this case, together with a consideration of the sample, the court below was amply justified in making the finding it did in this respect. Even if it were considered a question of fact only, there was evidence to support the finding of the court below, and we can not say that the finding is clearly contrary to the weight of the evidence. In such cases the finding should be sustained. *United States* v. *Riebe*, 1 Ct. Cust. Appls. 19; *Carson* v. *United States*, 2 Ct. Cust. Appls. 105; *Cathers* v. *United States*, 4 Ct. Cust. Appls. 9; *United States* v. *Tompkins Kiel Marble Co.*, 14 Ct. Cust. Appls. 7, T. D. 41527.

The judgment of the Board of General Appraisers (now United States Customs Court) is *affirmed*.