UNITED STATES *v.* BEN FELSENTHAL & CO. ET AL. (No. 2995 [1])

United States Court of Customs Appeals, April 9, 1928

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.
*Allan R. Brown* for appellees.

[Oral argument February 15, 1928, by Mr. Carter and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

This appeal involves the classification of seven entries of certain genuine Whitby jet articles, imported by Ben Felsenthal & Co., Wile Importing Co., and John Wanamaker. These articles are designated in the invoices as pendants, crosses, beads, bracelets, brooches, earrings, and stones. On the trial the various protests were abandoned on all articles except the earrings, beads, and stones. All these articles are cut and faceted and ready for use in making jewelry. The

---

[1] T.'D. 42713.

beads are of various sizes, pierced with holes; the articles denominated as earrings consist of buttons or stones, according to size, and drops, not attached. The buttons or stones are circular, with flattened backs, sometimes pierced, partially, for the reception of a wire and in some cases intended to be cemented in place; the drops are either elongated or circular shapes, intended to be suspended from the buttons or stones by pegs. In the entries covered by protest No. 35246–G/21687 the beads were classified as such, under paragraph 1403 of the tariff act of 1922, and the earring parts as manufactures of jet under paragraph 233 of said act. This protest claimed under said paragraph 1403 as beads, or alternatively, under paragraph 1429, as semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry, or under paragraph 214 as earthy or mineral substances, manufactured. In protest No. 22160–G/15736 the articles in question, beads, were classified as such under said paragraph 1403, and while various claims appear in the protest, the claim relied upon is under said paragraph 1429. In the remaining protest, No. 124182–G/47279, the merchandise, stones for earrings, was classified as beads under said paragraph 1403 and was claimed to be dutiable under said paragraph 1429 The Customs Court, after a hearing, sustained the various protests, finding the merchandise in question properly classifiable as semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry, under said paragraph 1429. From that judgment the Government has appealed. The claim of the Government here is that the court below erred in not holding the beads dutiable as classified under said paragraph 1403 and in not holding the earring parts dutiable as manufactures of jet under said paragraph 233.

The issue, therefore, is as to the applicability of paragraphs 233, 1403, and 1429 to the merchandise in question. The relevant portions thereof are as follows:

233. Marble, breccia, onyx, alabaster, and jet, wholly or partly manufactured into monuments, benches, vases, and other articles, and articles of which these substances or any of them is the component material of chief value, and all articles composed wholly or in chief value of agate, rock crystal, or other semiprecious stone, except such as are cut into shapes and forms fitting them expressly for use in the construction of jewelry, not specially provided for, 50 per centum ad valorem.

1403. Spangles and beads, including bugles, but not including beads of ivory or imitation pearl beads and beads in imitation of precious or semiprecious stones, 35 per centum ad valorem; * * * .

1429. * * * diamonds, coral, rubies, cameos, and other precious stones and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry, 20 per centum ad valorem; * * *.

A solution of the question presented rests largely upon the tariff status of jet. On the part of the importer it is claimed to be a semiprecious stone. The Government, on the contrary, insists that it

can not be so considered, and cites *American Bead Co.* v. *United States,* 7 Ct. Cust. Appls. 18, T. D. 36259, and other authorities in support of that position. *American Bead Co.* v. *United States, supra,* was decided under the Tariff Act of October 3, 1913, and involved, among other imports, imitation jet necklaces. The court was there determining, under the statute as it then existed (par. 356), whether the articles in question were jewelry, and, after having defined jewelry in the common acceptation, as composed of "precious metals or imitations thereof; or, of precious or semiprecious stones, pearls, or imitations thereof, or cameos, coral, or amber," etc., stated this:

Now, jet is not a precious or semiprecious stone, but a variety of mineral coal. Accordingly, we have held imitation jet articles not jewelry commonly so known. *United States* v. *Beierle,* 1 Ct. Cust. Appls., 457, T. D. 31506. So, also, held the Supreme Court of metal (nonprecious) beads, strung. *Frankenberg Co.* v. *United States,* 206 U. S. 224.

The Board of General Appraisers (now the United States Customs Court) held to the same effect, under the same act, *In re A. H. Ringk & Co.,* T. D. 39673, 43 Treas. Dec. 516; *In re Gugenheim (Inc.),* T. D. 39639, 43 Treas. Dec. 454; *In re Borrelli & Vitelli,* T. D. 39269, 42 Treas. Dec. 122. The first case last above cited involved the classification of the imported articles under paragraph 357 of said act, while the last two so cited involved classifications under the said paragraph 356.

Paragraphs 356 and 357 of the Tariff Act of October 3, 1913, were the predecessor paragraphs of paragraphs 1428, commonly known as the jewelry paragraph, and 1429, the jewelry material paragraph. The language of said paragraphs 356 and 357, so far as it concerns precious and semiprecious stones, was reenacted, unchanged, in said paragraphs 1428 and 1429.

We think it well settled that where a court of competent jurisdiction settles and judicially defines the common meaning of a term used in the statute, such a determination and adjudication becomes matter of law. In *Marvel* v. *Merritt,* 116 U. S. 11, Mr. Justice Matthews said:

The words used are not technical, either as having a special sense by commercial usage, nor as having a scientific meaning different from their popular meaning. They are the words of common speech, and, as such, their interpretation is within the judicial knowledge, and, therefore, matter of law.

Again, in *Sonn* v. *Magone,* 159 U. S. 417, it was said:

The interpretation of words of common speech is within the judicial knowledge and matter of law. *Marvel* v. *Merritt,* 116 U. S. 11; *Nix* v. *Hedden,* 149 U. S. 304; *Cadwalader* v. *Zeh,* 151 U. S. 171; *Saltonstall* v. *Wiebusch,* 156 U. S. 601.

This court has followed the same rule and when, as a matter of law, it has once determined the common meaning of a term used in a

statute, has adhered to such common meaning until a legislative change in the statutory enactment in question has necessitated a changed determination of such meaning. In 1910, under the Tariff Act of July 24, 1897, we defined the common meaning of the statutory word "toys." *Illfelder* v. *United States*, 1 Ct. Cust. Appls. 109, T. D. 31115. That definition has never been departed from. *United States* v. *Borgfeldt & Co.*, 13 Ct. Cust. Appls. 620, T. D. 41461. In *United States* v. *Jackson*, 1 Ct. Cust. Appls. 25, T. D. 30849, his court defined the common meaning of the word "marble." We adhered to that definition in *United States* v. *Tompkins Kiel Marble Co.*, 14 Ct. Cust. Appls. 7, T. D. 41527.

The common meaning of the term "jewelry" was defined in *American Bead Co.* v. *United States, supra*, and such definition continued until changed language in the Tariff Act of 1922 seemed to necessitate a change in the common meaning of the term. *United States* v. *Doragon*, 13 Ct. Cust. Appls. 182, T. D. 41051; *United States* v. *International Forwarding Co.*, 13 Ct. Cust. Appls. 190, T. D. 41052. See, also, *Jas. Akeroyd & Co.* v. *United States*, 15 Ct. Cust. Appls. 440, T. D. 42641.

It is true that evidence of the common meaning of statutory terms is admissible. But when such evidence is admitted, it is not conclusive upon the court, but only acts as an aid to the memory and understanding of the court. *Jones* v. *United States*, 137 U. S. 202 (216); *Brown, et al.* v. *Piper*, 91 U. S. 37 (42); *Nix* v. *Hedden*, 149 U. S. 304; *Austin* v. *United States*, 4 Ct. Cust. Appls. 313, T. D. 33519. The court is not obliged to accept such evidence. *United States* v. *Flory & Co.*, 15 Ct. Cust. Appls. 156, T. D. 42219.

In the case at bar no attempt was made to prove a commercial designation for the word "jet" or the term "semiprecious stones." Two witnesses were called by the importer, each of whom testified that Whitby jet was a semiprecious stone. Such testimony amounted to nothing more than statements of the opinions of these witnesses as to the common meaning of the word "jet" and the term "semiprecious stones." Such opinion is not conclusive upon the court and can not be said to overcome, in any way, the judicial ascertainment by this court that jet is not a semiprecious stone, especially in view of the legislative history of the statutory provisions in question.

When the Congress enacted the Tariff Act of 1922 it is presumed to have been conversant with the judicial construction of the common meaning attached to the word "jet." Having reenacted the statutory language in question, it must also be presumed it ratified and adopted such construction, and used the word with the common meaning as judicially construed. *United States* v. *Lamport Export Co.*, 15 Ct. Cust. Appls. 394, T. D. 42569; *United States* v. *Schmidt*, 13 Ct. Cust. Appls. 252, T. D. 41200; *United States* v. *Beierle*, 1 Ct.

Cust. Appls. 457, T. D. 31506; *Wanamaker* v. *United States*, 13 Ct. Cust. Appls. 93, T. D. 40939.

It follows, from what we have said, that the court below erred in holding the beads, stones, buttons, and drops to be dutiable under paragraph 1429, as semiprecious stones, cut but not set. This being true, the beads involved in the protest of Felsenthal (No. 35246–G/21687) and in the protest of Wanamaker (No. 22160–G/15736) were properly classified under paragraph 1403, and the protests, as to them, should have been overruled. In the entry covered by the Wile protest (No. 124182–G/47279) the stones, being shown to be not beads, in fact, were improperly classified as such under said paragraph 1403, and should have been classified under paragraph 233 as articles of jet. But no protest having been filed under that paragraph, the protest should have been overruled, without approving said classification. The stones, and other earring parts involved in the protest of Felsenthal (No. 35246–G/21687), were properly classified under said paragraph 233, and the protest as to them should have been overruled. In these respects the judgment of the court below should be reversed and the cause remanded for further proceedings in conformity herewith. In all other respects the said judgment is affirmed.

*Modified* and *remanded.*