United States *v.* Wimbar, Inc. (No. 3250)[1]

[1] T. D. 43676.

256

United States Court of Customs and Patent Appeals, November 4, 1929

*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell* and *Ralph Folks,* special attorneys, of counsel), for the United States.

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellee.

[Oral argument October 17, 1929, by Mr. Folks and Mr. Place]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Bags for carrying golf balls and clubs were imported at the port of New York. These were classified as manufactures of cotton under paragraph 921 of the Tariff Act of 1922 and are claimed to be dutiable as equipment used with golf balls in an outdoor game or sport, under paragraph 1402 of said act. The Customs Court sustained the protest and the Government has appealed.

The relevant portions of the competing paragraphs follow:

PAR. 921. All articles made from cotton cloth, whether finished or unfinished, and all manufactures of cotton or of which cotton is the component material of chief value, not specially provided for, 40 per centum ad valorem.

PAR. 1402. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play, all the foregoing, not specially provided for, 30 per centum ad valorem; * * *

The record shows that the bags in question are used as conveniences by golf players to carry their golf balls and clubs, usually by caddies or attendants to the players; that the ordinary golf course of 18 holes entails a walk by the players of from 3 to 4 miles; that the usual number of clubs carried is 5 or 6, but that sometimes as many as 12 are used; that the single witness who testified, himself a golf player, had never observed a case of a person playing golf without a bag for his clubs, such as these before us.

We are of opinion that the court below committed no error in holding these articles to be equipment.

They fully meet the definition of equipment stated by us in *Cruger's (Inc.)* v. *United States*, 12 Ct. Cust. Appls. 516, T. D. 40730:

We are consequently of the opinion that the term "equipment" as used in paragraph 1402 means inanimate objects ordinarily used and needed or required for the safe, proper, and efficient taking of physical exercise with balls, and inanimate objects ordinarily used and needed or required for the safe, proper, and efficient playing of any indoor or outdoor ball game or sport.

It must be conceded, in view of this record, that these bags are *ordinarily* used and are needed or required for the *proper* and *efficient* playing of the game of golf. If so, they are equipment. If the article is something dictated alone by "fad, fancy, or fashion," as was said by the court in *Cruger's (Inc.)* v. *United States, supra*, then it is not equipment. This is the distinction we have preserved in all the cases which have come to our attention under this paragraph. Thus, in *Wimpfheimer & Co.* v. *United States*, 12 Ct. Cust. Appls. 546, T. D. 40739, and in *Wallau (Inc.)* v. *United States*, 15 Ct. Cust. Appls. 130, T. D. 41467, we held "Ocobo plaster," a tape used to wrap the handles of golf clubs, and woolen golf hose, not to come within the said provision for equipment. On the other hand, we held in *United States* v. *Downing & Co.*, 14 Ct. Cust. Appls. 43, T. D. 41549, that hole markers used on golf greens in playing were such equipment. The latter were found to be necessary in the safe, proper, and efficient playing of the game; the former were not. So here, following the same rule, we agree with the court below that these articles are equipment under said paragraph 1402.

Some contention is made by Government counsel that the term "manufactures of cotton, not specially provided for" is more specific than the term "equipment" in said paragraph 1402. We can not agree with that contention. If these imported articles are equipment such as are included within the meaning of said paragraph 1402, then they are specifically provided for therein.

The judgment of the United States Customs Court is *affirmed*.