UNITED STATES *v.* MARSHALL FIELD & CO. (No. 3464)[1]

United States Court of Customs and Patent Appeals, January 25, 1932

*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell* and *Ralph Folks,* special attorneys, of counsel), for the United States.
*James W. Bevans* for appellee.

[Oral argument December 10, 1931, by Mr. Folks; submitted on record by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, sustaining a protest of appellee against the classification and assessment for duty by the collector at the port of Chicago of certain articles of glass. They were assessed for duty under paragraph 218 (e) of the Tariff Act of 1930 at 75 per centum ad valorem. Appellee claimed the merchandise was dutiable under paragraph 218 (f) at the

---

[1] T. D. 45483.

rate of 60 per centum ad valorem as articles of glass not specially provided for, or, alternatively, under paragraph 230 (d) as manufactures of glass at 50 per centum ad valorem.

The competing paragraphs involved are:

PAR. 218. * * *

(e) * * * Bottles and jars, wholly or in chief value of glass, of the character used or designed to be used as containers of perfume, talcum powder, toilet water, or other toilet preparations; * * * all the foregoing produced by automatic machine, 25 per centum ad valorem; otherwise produced, 75 per centum ad valorem. * * *

(f) * * * Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, * * * or decorated or ornamented in any manner, whether filled or unfilled, * * * 60 per centum ad valorem.

PAR. 230. * * *

(d) All glass and manufactures of glass, or of which glass is the component of chief value, except broken glass or glass waste fit only for remanufacture, not specially provided for, 50 per centum ad valorem.

The record in the case contains the testimony of but one witness, who testified in behalf of appellee. A sample of the merchandise involved was offered and received in evidence.

As heretofore stated, the lower court sustained the protest so far as the merchandise here involved is concerned and entered judgment accordingly. From such judgment this appeal is taken.

An examination of the exhibit in evidence discloses that it is an article of blue glass, with a flat bottom which measures about 4 inches in diameter. The inner surface of the side wall of the article is round; the exterior surface has 14 flat sides, but the angles formed by them are so large that it may be said to be substantially round. The body of the article has flaring sides, and the diameter across the top is about 5 inches. Its depth is about 2 inches. It has a cone-shaped cover, also of blue glass, with a handle in the center thereof, said handle being about 2 inches in height. The article in its entirety is made in ornamental design.

The witness on behalf of the importer testified that she had sold merchandise represented by the exhibit, and, upon being asked under what name such articles were sold, answered—

They may be called a powder box, or a powder jar, or an ornamental jar or box. The names are rather interchangeable, because the use of it is rather indefinite, as the customers wish to use it.

There was no testimony challenging the classification by the collector, but, on the contrary, the testimony tends to confirm it. The only ground upon which we could base an affirmance is from an inspection of the exhibit in evidence. Appellant contends that the article in evidence is a jar within the meaning of said paragraph 218 (e). That it is not a powder box, as claimed in the protest, is clear.

Funk & Wagnalls' Standard Dictionary definitions of the words "jar" and "box" are as follows:

Jar.—A deep vessel of earthenware or glass, more or less cylindrical in shape, with no spout, and generally with a wide mouth.

Box.—A receptacle or case, usually six-sided and rectangular, of wood, pasteboard, metal, or other material, for many and various uses.

The Century Dictionary defines the word "jar" as—

A vessel of simple form, made of earthenware, glass, etc., with a spoutless mouth, and usually without handles.

The lower court held that the article in question was neither a box, bottle, jar, nor vial, and was not within said paragraph 218 (e), but that it should have been classified under paragraph 218 (f) as an article of colored glass, decorated or ornamented, and therefore sustained the protest so far as the merchandise here involved was concerned. It is apparent from the decision of the lower court that this conclusion was reached solely from an inspection of the exhibit in evidence.

We have frequently held that a sample of the merchandise involved is often a potent witness. *United States* v. *May Department Stores Co.*, 16 Ct. Cust. Appls. 353, T. D. 43090; *United States* v. *Bernard, Judae & Co.*, 18 C. C. P. A. (Customs) 68, T. D. 44029. Giving full force and weight to the exhibit here in evidence, we are unable to conclude that, when considered in connection with the testimony of appellee's witness, it establishes a *prima facie* case overcoming the presumption of correctness of the collector's classification.

While the article may not be a jar, if that word be narrowly construed under the dictionary definitions, there is nothing about the article that positively excludes it from coming within the dictionary definition of a jar.

We think, furthermore, that the evidence of the importer's witness indicates that articles like that in question, when used as containers for talcum powder, were commonly known as jars or boxes. It being clear that the article is not a box under any definition of that word, we think the testimony of importer's witness that it is known as a jar as well as a box, there being no claim of commercial designation made or proved, while not conclusive or binding upon the court, may be considered as aiding the court in arriving at the common meaning of the word "jar," when applied to an article of glass used as a container for talcum powder. *United States* v. *Felsenthal*, 16 Ct. Cust. Appls. 15, T. D. 42713. In other words, the oral testimony introduced by appellee tends to confirm the classification made by the collector.

We therefore hold that the evidence in the case is not sufficient to overcome the presumption of the correctness of the classification made by the collector, and, in so far as the judgment appealed from sustains the protest of appellee, it must be *reversed*, and in all other respects *affirmed*.