The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v.* PACIFIC BUTCHERS SUPPLY Co. (No. 3824)[1]

[1] T. D. 47377.

United States Court of Customs and Patent Appeals, November 13, 1934

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *William Whynman*, special attorney, of counsel), for the United States.

*Barnes, Richardson & Halstead* (*Eugene R. Pickrell* and *Daniel P. McDonald* of counsel) for, appellee.

[Oral argument October 11, 1934, by Mr. Lawrence and Mr. Pickrell]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Ten entries of merchandise were made at the port of San Francisco, which merchandise was described in the report of the collector as "oiled silk sausage casings", and was classified as manufactures of silk, not specially provided for, under paragraph 1211 of the Tariff Act of 1930.

The importer filed two protests covering all the entries, which protests, as amended, each claimed the goods to be free of duty under paragraph 1755 as sausage casings, or, alternatively, dutiable as tubings under paragraph 1207 of said act. The relevant provisions of said paragraphs are as follows:

PAR. 1211. All manufactures, wholly or in chief value of silk, not specially provided for, 65 per centum ad valorem.

PAR. 1207. * * * tubings, garters, suspenders, braces, cords, tassels, and cords and tassels; all the foregoing wholly or in chief value of silk or of silk and india rubber, and not specially provided for, 55 per centum ad valorem * * *.

PAR. 1755. Sausage casings, weasands, intestines, bladders, tendons, and integuments, not specially provided for.

The cause was submitted to the United States Customs Court on the following stipulation of the parties:

It is hereby stipulated and agreed by and between the attorneys for the parties hereto:

That annexed hereto is a sample of the merchandise covered by the protests set forth in the attached schedule and that said sample may be admitted in evidence and marked "Exhibit 1."

That Exhibit 1 is used exclusively for sausage casings; it is composed of plain woven silk in tubular form, impregnated with a liquid solution, imported in lengths of approximately twelve feet.

That the right to amend the first calendar call is hereby waived: Plaintiff to have 20 days after submission to file brief, the Government 10 days to reply. * * *

The court held upon the stipulation that the goods were free as sausage casings under the first claim of the importer's protests, but overruled the protests in all other respects. From that judgment the Government has appealed. As grounds for reversal, the Assistant Attorney General relies upon the principle of legislative adoption of the judicial decision of this court in *Bernard & Co.* v. *United States*, 17 C. C. P. A. (Customs) 398, T. D. 43834. In the case relied upon, the merchandise imported was tubular articles made of vegetable parchment paper imported in long lengths. It was shown that, after importation, it was cut into lengths suitable for sausage casings, and was known as parchment sausage casings. In that case the goods were assessed for duty by the collector as articles composed wholly or in chief value of vegetable parchment paper, under paragraph 1305 of the Tariff Act of 1922, which, so far as relevant, is as follows:

PAR. 1305. * * * vegetable parchment paper, * * * all other articles, composed wholly or in chief value of any of the foregoing papers, * * * 5 cents per pound and 20 per centum ad valorum * * *.

It was claimed by the appellant that the merchandise was free of duty as sausage casings under paragraph 1655 of the same act, which read as follows:

PAR. 1655. Sausage casings, weasands, intestines, bladders, tendons, and integuments, not specially provided for.

There was no commercial designation attempted to be proved. This court held that within the common meaning of the term "sausage casings," casings made of parchment paper, or other materials, aside from cleaned and prepared entrails of animals, were not included.

Said paragraph 1655 of the Tariff Act of 1922 was reenacted in paragraph 1755 of the Tariff Act of 1930, without change. In view of this fact, it will be presumed that the Congress knew, assented to, and adopted, the construction placed upon the common meaning of these words by this court in the *Bernard* case, *supra*, Some of the latest expressions of this court on this subject are found in *United States* v. *Columbo Co.*, 21 C. C. P. A. (Customs) 177, T. D. 46510;

*United States* v. *Guth Stern & Co.*, 21 C. C. P. A. (Customs) 246, T. D. 46777; *Smith* v. *United States*, 21 C. C. P. A. (Customs) 514, T. D. 46971.

The common meaning of a term used in the statute, having been once settled and judicially determined, becomes matter of law and continues until changed language in a subsequent legislative enactment seems to necessitate a change in the common meaning of the term. *United States* v. *Felsenthal & Co.*, 16 Ct. Cust. Appls. 15, T. D. 42713. The claim, therefore, under said paragraph 1755, cannot be sustained.

The alternative claim under paragraph 1207, as tubings in chief value of silk or of silk and india rubber, is without support in the record. Whether the imported merchandise is or is not "tubing" is undisclosed by the record, and a study of the context of said paragraph 1207 does not lead to the view that these casings were in the class of articles intended to be included therein. In such case, the attempt to overthrow the collector's classification has no support, and the classification must stand.

We are of opinion that upon this record the collector's classification was correct and the judgment of the United States Customs Court is *reversed.*