## WANAMAKER *v.* UNITED STATES (No. 2671)[1]

UNSTRUNG TENNIS RACKETS—EQUIPMENT FOR GAMES—PARTS.

Tennis rackets without strings are not rackets under paragraph 1402, Tariff Act of 1922, nor are they other equipment for playing games under the paragraph. The provisions in this paragraph for unfinished balls and for parts of skates manifest a congressional intention not to include in the paragraph parts of the other things named. Assessment as manufactures of wood, under paragraph 410, was rightly affirmed.

United States Court of Customs Appeals, April 17, 1926

APPEAL from Board of United States General Appraisers, Abstract 50085

[Affirmed.]

*Allan R. Brown* for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter* and *Reuben Wilson*, special attorneys, of counsel), for the United States.

[Oral argument March 30, 1926, by Mr. Brown and Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

Finished wooden frames for tennis rackets, requiring only to be properly strung to constitute finished tennis rackets, were classified and assessed for duty by the collector under paragraph 410 of the Tariff Act of 1922.

[1] T. D. 41544.

We quote the relevant part thereof:

\* \* \* manufactures of wood or bark, or of which wood or bark is the component material of chief value.

Importer protested the collector's action, claiming classification under paragraph 1402 of the act, which is as follows:

Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play, all the foregoing, not specially provided for, 30 per centum ad valorem; ce and roller skates, and parts thereof, 20 per centum ad valorem.

The protest was overruled, hence this appeal.

Importer argues that these racket frames are to be regarded as tennis rackets and so *eo nomine* within paragraph 1402, and further, if this claim is not upheld, that they are equipment also *eo nomine* therein provided for.

If they are either, the protest is well taken.

The Government contends they are neither, and we agree therewith.

A tennis-racket frame must be properly strung before it becomes a tennis racket. Of course, it is designed to be strung, but until it is it can not be used in the manner or for the purposes prescribed in paragraph 1402.

Neither is it an equipment within the meaning of the paragraph. Until it is strung it can not be ordinarily used in conjunction with any of the balls therein provided for in exercise or play.

Importer argues, however, that the term "equipment" is not limited to finished articles but includes parts as well. But an examination of paragraph 1402 shows that Congress was careful therein to declare that balls of the kinds provided for *finished or unfinished* and *parts* of ice and roller skates should be classified thereunder. It omitted to provide that *unfinished* clubs, rackets, bats, or other equipment or *parts* of any such articles should take the same classification.

This deliberate omission is significant, and we are of opinion, if it be assumed that these frames are parts of equipment as claimed by the importer, that they are, nevertheless, excluded from classification under the paragraph.

In this connection see *Wimpfheimer & Co.* v. *United States*, 12 Ct. Cust. Appls. 546, T. D. 40739.

The judgment of the Board of General Appraisers is *affirmed*.