(C. D. 536)

M. & J. HERRMAN, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided September 25, 1941)

Strauss & Hedges (Howard C. Carter of counsel) for the plaintiff.

Paul P. Rao, Assistant Attorney General (Joseph E. Weil, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise the subject of this suit is invoiced as "table tennis netting," and according to the official sample of the merchandise in evidence as exhibit 1 consists of pieces of cotton netting 125 feet long and 6 inches wide. The merchandise was advisorily returned as cotton warp knit fabric in the piece, and accordingly assessed for duty at 45 per centum ad valorem under paragraph 914 of the Tariff Act of 1930. It is claimed to be dutiable at 40 per centum ad valorem under paragraph 923 of said act, or at 30 per centum under paragraph 1502, and by amendment of the protest it is claimed to be dutiable at only 20 per centum ad valorem under said paragraph 1502 and the trade agreement with the United Kingdom, T. D. 49753. The last claim is the only one relied on, and we quote from said provisions as follows:

PAR. 1502. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, primarily designed for use in physical exercise (whether or not such exercise involves the element of sport), and all clubs, rackets, bats, golf tees, and other equipment, such as is ordinarily used in conjunction therewith, all the foregoing, not specially provided for, 30 per centum ad valorem; ice and roller skates, and parts thereof, 20 per centum ad valorem.

Trade Agreement with United Kingdom (T. D. 49753):

| Tariff Act of 1930; paragraph | Description of article | Rate of duty |
|---|---|---|
| * * * | * * * | * * * |
| 1502 | Lawn-tennis and table-tennis balls and golf balls ---------------------------- | 20% ad val. |
| 1502 | Footballs and other balls, finished or unfinished, not specially provided for, primarily designed for use in physical exercise (whether or not such exercise involves the element of sport), except balls wholly or in chief value of rubber. | 20% ad val. |
| 1502 | Field-hockey sticks and guards, polo mallets, table-tennis bats, croquet mallets, golf clubs, soccer guards, and tennis nets [italics ours]. | 20% ad val. |

According to the testimony of Max Herrman, president of the plaintiff company, the imported merchandise is used for making into table tennis nets by cutting to required length, and then binding it on a sewing machine, and then putting on metal ends, as shown by illustrative exhibit A; that said illustrative exhibit A is used in the game of table tennis or ping pong, in which a ball is used for physical exercise, and for which a table tennis net is necessary equipment. The games and the rules therefor are described in illustrative exhibit B.

Table tennis nets would undoubtedly come within the purview of said paragraph 1502 as necessary equipment in a game in which a ball is used for exercise, and would therefore also be subject to the reduced rate of duty under said trade agreement for tennis nets, as being necessary equipment for such game. Paragraph 1502, however, does not cover unfinished equipment, or parts of such equipment, nor does said trade agreement cover unfinished tennis nets, or parts thereof. In *Wanamaker* v. *United States*, 14 Ct. Cust. Appls. 27, T. D. 41544, certain tennis rackets without strings were held dutiable as manufactures in chief value of wood under paragraph 410 of the Tariff Act of 1922, and the court overruled the claim of the plaintiff for dutiable classification of the merchandise as rackets under paragraph 1402 of that act, which so far as relevant reads the same as paragraph 1502 of the present act of 1930. The court also overruled the claim that the merchandise was dutiable as equipment, unfinished, under the same paragraph, and, in so holding, stated:

A tennis-racket frame must be properly strung before it becomes a tennis racket. Of course, it is designed to be strung, but until it is it cannot be used in the manner or for the purposes prescribed in paragraph 1402.

Neither is it an equipment within the meaning of the paragraph. Until it is strung it can not be ordinarily used in conjunction with any of the balls therein provided for in exercise or play.

Importer argues, however, that the term "equipment" is not limited to finished articles but includes parts as well. But an examination of paragraph 1402 shows that Congress was careful therein to declare that balls of the kinds provided for *finished or unfinished* and *parts* of ice and roller skates should be classified thereunder. It omitted to provide that *unfinished* clubs, rackets, bats, or other equipment or *parts* of any such articles should take the same classification.

The importer himself in the present instance admitted that the merchandise in question was pieces of netting, and the testimony and exhibits indicate that it is simply material for making into table tennis nets.

The claim of the plaintiff under paragraph 1502 and said trade agreement is therefore overruled, as well as all other claims. Judgment will be rendered accordingly.