(C. D. 793)

W. X. HUBER Co. *v.* UNITED STATES

United States Customs Court, First Division

(Decided July 8, 1943)

*Philip Stein* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before OLIVER, WALKER, and COLE, Judges

WALKER, Judge: In this case the question is presented whether unfinished tennis and badminton racket frames are entitled to classification under the provisions of paragraph 1502 of the Tariff Act of 1930, or are properly dutiable, as assessed by the collector, under the general provision for manufactures of wood, not specially provided for A sample of the articles involved is in evidence as illustrative exhibit A and consists of a bare frame which has been drilled to accommodate the gut ultimately to be strung thereon. It has not been lacquered or varnished, nor has the handle been fitted with a grip.

Paragraph 1502, under which claim is made, reads as follows:

PAR. 1502. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, primarily designed for use in physical exercise (whether or not such exercise involves the element of sport), and all clubs, rackets, bats, golf tees, and other equipment, such as is ordinarily used in conjunction therewith, all the foregoing, not specially provided for, 30 per centum ad valorem; ice and roller skates, and parts thereof, 20 per centum ad valorem.

For the plaintiff one Leslie M. LeCron, a member of the firm which was the actual importer of the articles in issue, testified on direct examination that higher-priced rackets, such as are handled by his firm, are usually sold to the ultimate purchaser unstrung, while the cheaper rackets are usually sold after having been factory strung.

The reason for purchasing an unstrung racket, he said, was that the purchaser then had "a choice of string," and also that gut tends to loosen on the frame after being strung, while a tight gut is desired.

This testimony was somewhat impaired on cross-examination by the witness' admissions that in some instances his firm, which is a wholesaler, sells rackets strung, and that, generally speaking, articles such as illustrative exhibit A, before being sold by his firm, either strung or unstrung, must have a wood filler placed on them to smooth the wood, followed by lacquering or varnishing, and by adding a grip on the handle. This last would indicate that the articles at bar are not sold to the user in the condition as imported.

On behalf of the plaintiff it is argued that the frames here involved "are a necessary part of the racket and equipment used in conjunction with tennis balls." We think this argument is answered by the fact that paragraph 1502 does not provide for parts of rackets or equipment. M. & J. Herrman, Inc. v. United States, 7 Cust. Ct. 70, C. D. 536.

Defendant cites, in the brief filed in its behalf, the case of Wanamaker v. United States, 14 Ct. Cust. Appls. 27, T. D. 41544. The article there involved consisted of "finished wooden frames for tennis rackets, requiring only to be properly strung to constitute finished tennis rackets," and had been assessed with duty by the collector under the provision for manufactures of wood in the Tariff Act of 1922. It was claimed to be entitled to classification under the provisions of paragraph 1402 of that act, the predecessor of paragraph 1502 of the present act. That provision read as follows:

PAR. 1402. Boxing gloves, baseballs, footballs, tennis balls, golf balls, and all other balls, of whatever material composed, finished or unfinished, designed for use in physical exercise or in any indoor or outdoor game or sport, and all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play, all the foregoing, not specially provided for, 30 per centum ad valorem; ice and roller skates, and parts thereof, 20 per centum ad valorem.

In disposing of the issue, the Court of Customs and Patent Appeals, speaking through Judge Barber, said:

A tennis-racket frame must be properly strung before it becomes a tennis racket. Of course, it is designed to be strung, but until it is it can not be used in the manner or for the purposes prescribed in paragraph 1402.

Neither is it an equipment within the meaning of the paragraph. Until it is strung it can not be ordinarily used in conjunction with any of the balls therein provided for in exercise or play.

Importer argues, however, that the term "equipment" is not limited to finished articles but includes parts as well. But an examination of paragraph 1402 shows that Congress was careful therein to declare that balls of the kinds provided for finished or unfinished and parts of ice and roller skates should be classified thereunder. It omitted to provide that unfinished clubs, rackets, bats, or other equipment or parts of any such articles should take the same classification.

This deliberate omission is significant, and we are of opinion, if it be assumed that these frames are parts of equipment as claimed by the importer, that they

are, nevertheless, excluded from classification under the paragraph. [Italics quoted.]

Plaintiff's counsel, in the brief filed in its behalf, seeks to distinguish the foregoing case on the ground that in enacting paragraph 1502 of the present act, subsequent to the foregoing decision, "Congress manifested its intention to change the construction above quoted of the similar provision in paragraph 1402 of the Tariff Act of 1922 by changing the word 'or' to 'and,' and the omission of the words 'in exercise or play' from paragraph 1502 in the later act."

We do not agree with counsel that the change in language cited warrants the inference of Congressional intent which counsel believes follows therefrom. Had Congress intended to change the rule of the *Wanamaker* case it could and would have done so in language plainly indicated to accomplish that result, especially in view of the last paragraph above quoted from that case. We think the changes were made for the purpose of clarifying the scope of the provision, which had been the subject of considerable litigation in this and our appellate court.

We think the interpretation given the language of paragraph 1402 of the Tariff Act of 1922 in the *Wanamaker* case is applicable, at least so far as the articles at bar are concerned, to the language of paragraph 1502 of the present act.

We might observe, further, that the question of whether the article is a part of a tennis racket, as distinguished from an unfinished tennis racket, is not altogether free from doubt. However, whether it be considered as either we feel certain that it does not take classification under paragraph 1502, and the protest is therefore overruled.

Judgment will issue accordingly.